The award to the testatrix sued upon was made and published August 31, 1857. She was then a married woman, and the money awarded was then due. She died February 4, 1862, and this action was commenced February 18, 1867. Is the action barred by the statute of limitations?
The disabilities declared by the Code, as amended in 1851, which prevented the running of the statute against "a person entitled to bring an action," were, if the person at the time the cause of action accrued, be either "1. Within the age of twenty-one years; or, 2. Insane; or, 3. Imprisoned on a criminal charge, etc.; or, 4. A married woman." (Code, § 101, sub. 4.) But it was then further provided, that "the time for such disability is not a part of the time limited for the commencement of the action, except that the period within which the action must be brought cannot be extended more than five years by any such disability, except infancy, nor can it be so extended in any case longer than one year after the disability ceases."
The object of all rules for the construction of statutes is to learn the purpose of the act.
It will be observed that the whole provision as to disabilities is made subject to the last clause thereof; "nor can it (the disability) be extended in any case longer than one year after the disability ceases." *Page 231 
Everything is in force, each disability is preserved until we arrive at the last clause, and there the whole must submit to that.
That clause will not apply in many cases. The disability ("a married woman") may continue over eleven years. In such a case, the person has the whole eleven years in which to bring the action. It may continue two, three of four years.
In such case, the disability has no effect upon the statute of limitations. It may continue seven years; then the person has one year thereafter in which to commence his action. Thus the party has six years in any event. Five years additional, in case the disability so long continue, but in any event only one year additional after the disability ceases.
The plaintiffs' counsel insists that this one year additional only applies to an infant.
Then why was not appropriate language used to express that purpose?
The words, "except infancy," immediately precede this clause.
Why did it not say, nor "in that case," or "in such case," or "in case of infancy?" Instead of these are the comprehensive words, "nor can it be so extended in any case." Broader words are not easily found.
Besides, there would seem to be no reason whatever for such a limited construction. Why should a married woman have more time to sue, after her disability ceases, than an infant?
Generally, she is more cognizant of her rights than the infant.
She can sue while married more readily and easily than an infant, especially since the acts of 1848-9.
The act itself recognizes this, as it only allows to her a disability of five years, though she may remain married over fifty.
But the infant's disability is conceded to extend until after he arrives at age.
Again, the legislature was evidently intending to reduce the time of disabilities, a very sound measure in principle, *Page 232 
and this construction promotes that object. This intention was perfected in 1870, by striking out the disability of marriage entirely.
As this action, then, was not commenced within the ordinary statute of six years, nor within one year after her disability ceased, the complaint was properly dismissed.
That the letter of the testatrix had the effect to take the case out of the statute was not urged by the plaintiff upon the argument, and I think is without force.
The order appealed from should be reversed, and judgment at Special Term affirmed.
All concur.
Order reversed and judgment accordingly.