SARAH M. ACKER, Appellant, v. ALEXANDER ACKER, Impleaded with ROSE ACKER, His Wife, and ISAIAH T. WILLIAMS, Respondents.

*Statute of limitations—extension of time by reason of plaintiff's disability—Code, section 101.*

Where a person, at the time a cause of action accrued, was disabled, as provided in section 101 of the Code, that section lengthens the period limited five years, provided the disability lasts so long; and if it does not, then it extends such period so as to expire at the expiration of one year after the usual period of limitation would expire, and the disability has ceased.

A right of action upon a sealed instrument accrued to the plaintiff, then a married woman, on November 1, 1857. This action was commenced December 10, 1877. Her husband died in September, 1866.

*Held,* that if plaintiff's disability to sue was removed by the passage of the married woman's act of 1860 (ch. 90), she could bring the action within twenty-one years from November 1, 1857.

That if her disability was not removed until the death of her husband, in 1866, she could bring the action within twenty years from November 1, 1862.

APPEAL from a judgment in favor of the defendant, Alexander Acker, entered upon the trial of this action by the court without a jury.

This action was brought to foreclose a bond and mortgage for $5,500, dated the first day of November, 1856, payable one year after date, with interest, executed by the respondents, Alexander Acker and wife, to the plaintiff, Sarah M. Acker. When this bond and mortgage was given, Sarah M. Acker was a married woman, the wife of James Acker. James Acker died on the 8th of September, 1866. Until his death, he and the appellant resided in the city of New York as husband and wife. The action was commenced December 10, 1877. The defense was the statute of limitations.

*Francis Larkin,* for the appellant.

*J. T. Williams,* for the respondents.

GILBERT, J.:

This is an action to foreclose a mortgage. The defense is the statute of limitations. The period limited for commencing the action was twenty years after the cause of action accrued. (Code of Proc., § 90.) The cause of action accrued November 1, 1857, and the action was commenced December 10, 1877. When the cause of action accrued the plaintiff was a married woman, and under disability to sue. It was provided by section 101 of said Code that "the time of such disability is not a part of the time limited for the commencement of the action, *except* that the period within which the action must be brought cannot be *extended* more than five years by any such disability, except infancy, nor can it" (the period limited) "be so *extended* in any case longer than one year after the disability ceases." I think that the plaintiff's disability was removed by the act concerning the rights and liabilities of husband and wife, passed March 20, 1860, which conferred upon married women capacity to sue and be sued. (Laws, 1860, ch. 90, § 7; *Ball* v. *Bullard*, 52 Barb., 141–146.) Such disability certainly ceased upon the death of the plaintiff's husband in September, 1866, and it was finally dropped from the enumeration of disabilities contained in the statute of limitations by an amendment of the Code of Procedure passed in 1870.

Whether the action was barred by the statute of limitations depends upon the construction which shall be given to section 101 of the Code of Procedure, or rather to that part of it which has been quoted above. I am of opinion that that section *extended* —that is, lengthened, the period limited five years, provided the disability lasted so long; but that if the disability did not last so long, then that said section *extended* the period limited for such a time as would end at the expiration of one year after the period of limitation had elapsed and the disability had ceased. Surely the Legislature did not intend that if the disability ceased more than a year before the time limited had elapsed, there should be no extension of such time. Their intention plainly was to give to married women at least one year *in addition* to the time limited. Such construction would give the plaintiff twenty-one years from the time the cause of action accrued, viz., November 1, 1857, in which to bring her action, if her disability ceased in consequence

of the passage of the act of 1860 cited ; but if it did not cease until the death of her husband, then by such construction she would have twenty years from November 1, 1862, for that purpose. In either case the time had not expired when the action was brought.

As I understand the decision of the Court of Appeals in *Dunham, Ex'r*, v. *Sage* (52 N. Y., 229), the same construction of said section 101 was there adopted. In that case the time limited for commencing the action was six years. The cause of action accrued August 31, 1857, the disability ceased February 4, 1862, and the action was commenced February 18, 1867. The court held that the action had been barred, for the reason that the disability had not continued five years, and that, therefore, the plaintiff had only one year after the disability ceased, in *addition* to the general limitation of six years, in which to bring her action. The judge, who delivered the opinion of the court, after illustrating the meaning of the statute, or attempting to do so, summed up as follows : " Thus the party has six years in any event ; five years *additional*, in case the disability so long continue; but in any event only one year *additional* after the disability ceases." Such construction corresponds with the change of phraseology adopted by the Legislature in enacting the provision on this subject, contained in the Code of Civil Procedure, § 396. Applying that construction to the case before us, the action is not barred. This conclusion being decisive, we need not consider the other questions which have been presented.

The judgment must be reversed, and the usual judgment must be entered for the plaintiff, with costs.

BARNARD, P. J., concurred ; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.