SARAH M. ACKER, Respondent, *v.* ALEXANDER ACKER et al., Appellants.

A statute of limitations, unless it contains some provision saving prior con-
tracts from its operation, applies to them as well as to those made after
its passage.

The amendment of 1870 (§ 5, chap. 741, Laws of 1870) to the provision of the
Code of Procedure (§ 101) excusing from bringing actions within the
times limited because of certain disabilities, which struck out married
women from the list of those disabled and removed the disability as to
them, took away the extension of the time of limitation that theretofore
had existed in their favor, and left the sections of the Code (§§ 89, 90), pro-
viding a period of limitation, operative upon them as well as others.

Plaintiff owned a bond and mortgage which became due and payable No-
vember 1, 1857 ; she was then a married woman. Her husband died
September 8, 1866. She commenced this action to foreclose the mort-
gage December 10, 1877. *Held,* that by force of said amendment plaint-
iff had but twenty years from the time the cause of action accrued in
which to bring her action ; and that, therefore, it was barred by the
statute.

Also *held,* that the provision of the Code of Civil Procedure (§ 381) which
saves from the application of its periods of limitation a case where a per-
son was entitled, when it took effect, to commence an action, if such ac-
tion be brought within two years of that time, did not relieve the plaint-
iff, as in such a case it is declared (§ 414) that the provision of law then
applicable should continue to be applicable notwithstanding its repeal.

Prior to the execution of the bond and mortgage, to secure the indebted-
ness which formed the consideration for those instruments, the obligor,
A., took out a policy of insurance upon his life. This was subsequently
held as collateral for the bond and mortgage. The policy was forfeited
by reason of failure to pay the premiums. The time of such failure did
not appear. Plaintiff, in October, 1866, received from the insurer a sum
of money by reason of the policy. *Held,* that this payment did not avail
to save the right of action from the bar of the statute.

*It seems* that the getting of the policy and payment of the premiums might
have had that effect had it appeared that they were acts of A. within
twenty years, but the payment of money by another as a result of a prior
act would not have that effect.

Also *held,* that the fact that plaintiff told A. of this payment and that he
made no reply did not make it a payment by him.

It was proved that A., in April, 1869, executed to plaintiff a chattel mort-
gage conditioned to pay a promissory note. That was no direct evidence
that the note was given to apply on the bond and mortgage. Plaintiff
testified that she never let A. have any money after the date of the bond
and mortgage and that no other indebtedness ever existed, it also appeared

that in 1869 plaintiff released the chattels from said mortgage, and that defendant then said the release would have nothing to do with and would not affect the real estate mortgage. *Held,* that the trial court was justified in finding that the note was not a payment on the bond.
*Acker* v. *Acker* (16 Hun, 173), reversed.

(Argued April 8, 1880; decided June 1, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, reversing a judgment in favor of defendants entered upon a decision of the court on trial at Special Term. (Reported below, 16 Hun, 173.)

This was an action to foreclose a mortgage. The mortgage and accompanying bond were executed by defendant Acker to plaintiff November 1, 1856, payable one year from date. Defendant Acker, among other things, pleaded the statute of limitations. At the time the securities became due plaintiff was a married woman; her husband died September 8, 1866. This action was commenced December 10, 1877. The court found that no payment had been made upon the bond, nor had defendant Acker ever promised in writing or otherwise to pay the same. The testimony upon that question and further facts appear in the opinion.

*I. T. Williams* for appellants. Plaintiff's action was barred by the statute of limitations. (Code of Pro., §§ 101, 144, 74.) A statute of limitations, when no provision to the contrary is made, operates alike upon contracts made before and after its passage. (*Johnson* v. *A. & S. R. R. Co.,* 54 N. Y. 416.)

*Francis Larkin* for respondent. This action was not barred by the statute of limitations. (Code of Pro., § 101; Laws 1852, ch. 392; *Dunham* v. *Sage,* 52 N. Y. 229, 231; 16 Hun, 173; Code of Civ. Pro., § 414.) Plaintiff's case was taken out of the statute by the payment of the money to her by the insurance company on the forfeiture of the policy effected by defendant upon her husband's life. (49 N. Y. 155; 66 id.

352.) The giving of the note to plaintiff by defendant was an acknowledgment of the indebtedness of the bond and mortgage and a promise to pay it. (66 N. Y. 352; 12 Hun, 386; 4 Abb. Dig. [new ed.] 265, § 319; 4 Pick. 410; 10 Bing. 446; Ang. on Lim. 256; *McMullin* v. *Grannis*, 10 N. Y. Leg. Obs. 57; 9 Cow. 674; 3 Hun, 481; 2 Lans. 120; 49 N. Y. 155; *Kincaid* v. *Archibald*, 73 id. 189.)

FOLGER, Ch. J. The bond and mortgage fell due and payable on the 1st day of November, 1857. In the hand of a person not under disability they might then have been put in suit; and must have been put in suit before the lapse of twenty years thereafter; that is, on or before the 1st day of November, 1877. (Old Code, §§ 89, 90; New Code, §§ 380, 381.) By law certain persons are deemed disabled to bring such suit; and among them, once on a time, was a married woman. (§ 81, Code of 1848; § 101, Old Code, as it was until 1870; ch. 741, Laws of 1870, p. 1832, § 5.) The fact that she was a woman, and married, created the disability. Such, we think, is the plain meaning of the Old Code. It is not that if she is under disability and is also a married woman; it is the fact of marriage, as it is the fact of insanity or of infancy, that is the disability. We say this, as a part of the appellant's argument was that there must exist a disability and also the state of marriage. The time of that disability was no part of the time above named of twenty years (Id.) until in 1851 (Laws of 1851, ch. 479, pp. 876–882), when it was enacted that the period within which the action must be brought cannot be extended by that disability more than five years, nor longer than one year after the disability has ceased. Up to 1851, the time of twenty years, the term of limitation, stopped running so long as the marriage continued. By the Law of 1851 there were two things that set the time running again. The lapse of five years while the disability continued. The lapse of one year after the disability had ceased. These two things acted independently of each other. If five years of disability had elapsed before the disability had ceased, the twenty years period began

to run again. If the disability had ceased for a year, though the term of five years had not expired, then the twenty years period began again to run at the end of the year. Thus the lapse of five years, that alone, was enough to stop the action of the disability. And the lapse of a year after the cessation of the disability, that alone, though the five years had not yet gone by, was enough to stop the action of the disability. So that a married woman might (outside the effect of the act of 1870, *supra*), have at the utmost twenty-five years in which to bring an action on a sealed instrument after the cause of action accrued; or she might have but twenty-one years. If she was married on the day of the accruing of her right to sue, and she should become a widow on the next day, and so remain thereafter, she would have twenty years from that next day; and so as to any term of time, as long as or shorter than five years, that she should be a married woman at and after the accruing of the cause of action. If she should be a married woman on the day of the accruing of the right of action, and so remain for twenty-five years thereafter, she might bring her action the last day of the twenty-five years. If, after twenty years had expired, she should become a widow on any day in the next four years, she would have but one year from that day in which to bring her action. We have been thus minute, though we may not have been clear, in stating our view of the statutory provision, as it seems from the speech of counsel that difficulty is found in interpreting it, and it is said that a previous decision of this court is not to be understood. That decision is in *Dunham* v. *Sage* (52 N. Y. 229), and its utterance is the same in effect as that which we now make.

To apply this to the present case: The cause of action accrued November 1, 1857; and, if not a married woman, the plaintiff must have brought suit in twenty years from that day, which would have been November 1, 1877. She was a married woman. Had her husband lived so long, she need not have brought suit for twenty-five years from that day (save for the act of 1870); but though he had so lived, she must then have brought suit. That would have been November 1, 1882.

For the statute said that the suit must be brought in twenty years, or if by reason of the disability of marriage the period be extended, it shall not be extended more than five years. But he died on the 8th of September, 1866, and she has been a widow since. The disability then ceased, and she could have sued on the 9th day of September, 1866. On the day of his death there had elapsed, from the day of the accruing of the cause of action, eight years ten months and seven days, and in that lapse the term of five years, the longest time for which, by reason of the disability, the statutory time for bringing suit would be extended, had also passed away. So that before the death of her husband the statute had begun to operate against her. It began so to do on the 2d day of November, 1861. In twenty years from that day her right of action would have been gone, by reason of the statute. That would not have been until November, 1881. The effect of the facts in the case gave to her (save for the act of 1870) the full time of extension, by reason of her disability, that was afforded by the statute as amended in 1851. And because of those facts, the effect given to a cessation of the disability did not take place. The whole length of statutory term of extension, to wit : five years, having by force of the facts been applied, there was naught for the one year term of extension, dependent upon a cessation of disability, to take hold of.

This suit was brought on September 10, 1877, in less than twenty years from the expiration of the five year term, and had there been no other statute her suit would have been in time.

Thus far we have gone without taking fully into view the statute of 1870, *supra.* That took away from women the disability excusing from suing, which before that arose from the fact that they were married. It left the sections (89, 90) of the old Code, which provided a period of limitation, operative on a married woman as well as others; and the effect of those and other sections was, that if she had a right of action on a sealed instrument, she must sue upon it in twenty years from the time that that right accrued. (§§ 73, 74, Old Code.) A married woman, after the act of 1870, had no more time in which to

enforce a right of action than a married man. In that year the legislature made known to every married woman that the extension of the term of limitation of actions, that theretofore had existed in her favor, was taken away, and that if she owned a sealed instrument she must sue upon it in twenty years after her right to sue accrued. By the express terms of the act (see § 15) section 5 of it applies to actions then pending, or such as might thereafter be brought, and hence it must apply to all rights of action, whether then accrued or thereafter to accrue. We see no reason why it did not apply to the right of action of the plaintiff. A statute of limitations, inasmuch as it takes away the remedy only and does not impair the obligation, affects the remedy on contracts made before as well as those made after the passage of it, unless it contains some provision saving prior contracts from the operation of it. So it must be with rights of action accrued before the passage of the act of 1870. By force then of the act the plaintiff had but twenty years from the 1st day of November, 1857, in which to bring her action.

The New Code, which went into operation on the 1st day of September, 1877, before the plaintiff brought her suit, enacts the same limitation upon her right to sue as does the act of 1870. (§ 381.) And it thus saves from the application of its period of limitation a case where a person was entitled, when it took effect, to bring an action, if such action be brought before the lapse of two years from the time that Code took effect. (§ 414.) This would have saved the action of the plaintiff from the operation of the rule of the New Code (for she brought her action on December 10, 1877, two months and ten days after the New Code took effect), but for another provision of the same section (section 414) of the New Code; which declares that in such case (that is, in case a person was entitled to bring an action when it, the New Code, went into effect), the provision of law applicable thereto immediately before that act (that is, the New Code) went into effect, should continue to be applicable thereto, notwithstanding the repeal of the act of 1870. She did commence her suit within two years of the going

into effect of the New Code of 1877; and she did have a right to commence that action when that Code went into effect on the 1st of September, 1877; but the act of 1870, *supra*, was all the while from the 1st of September, 1877, until the day she brought her suit, to wit: on the 10th day of December, 1877, operating upon her right to sue; and it cut off that right after the 1st day of November, 1877. So that unless she is helped by the other matter now to be noticed, her right to bring this action was barred by statute.

We will now see if there is any force in that other matter.

The plaintiff claims that there was a payment upon the bond and mortgage within twenty years, and that thereby the right of action is saved. The learned justice at Special Term found, as matter of fact, that there had been no payment. There was an exception to that finding. We are not able to say that the finding was so contrary to all the evidence in the case as that it was erroneous. The testimony was, that before this bond and mortgage were made there was an indebtedness from the defendant, Alexander Acker, to the plaintiff and her husband; that to secure the payment of that, Alexander took out, or assisted in taking out, a policy of insurance upon his life; that after that, that indebtedness went into this bond and mortgage and the policy was held as collateral to them; that Alexander failed to pay the premiums and the policy was forfeited; that after that, the plaintiff received from the insurers a sum of money by reason of the policy. The policy was issued before the date of the bond and mortgage, hence more than twenty years before this suit was brought. It does not appear how long before the suit was brought Alexander failed to make payment of premium. The money was paid to plaintiff by the insurers on the 8th of October, 1866. If the payment had then been made by Alexander, it might have availed to save the right of action on his bond from the bar of the statute. (New Code, § 395; *First Nat. Bank of Utica* v. *Ballou*, 49 N. Y. 155.) The getting the policy and payment of premiums might have had the same effect, had they been acts of his within twenty years of the bringing of suit. (*Harper* v. *Fairley*, 53

N. Y. 442; *Smith* v. *Ryan*, 66 id. 352.) It does not appear that they were. The payment of money by another, as a result of a prior act of Alexander, though the payment be within the twenty years, does not have that effect. (Id.) That the plaintiff told the defendant of this payment, and he did not make reply, did not make it a payment by him. It was further testified that the plaintiff held a chattel mortgage made by Alexander to her, dated the 10th of April, 1869. It was conditioned to pay a note recited to have been made by him to her for $400, at one year, with interest, and dated the same day. There was not direct evidence that the note was given to apply upon the bond and mortgage at date or when paid. The only testimony tending to show that was that of the plaintiff, to the effect that she never let him have any money after the date of the bond and mortgage, and that no other indebtedness ever existed between them than that of the bond, and that in 1869 she released the chattels from the effect of the chattel mortgage, and that he said at that time that it would have nothing to do with the real estate mortgage, and would not hurt it at all. If this note was given to apply on the bond and mortgage in any way, it was so easy for the plaintiff to have said so, when speaking from the witness box, that we may well conceive that the trial court did right in not finding, from the indirect and negative testimony given upon that head, that it worked a payment.

It is proper to say that the attention of the learned court at General Term does not seem to have been asked to the act of 1870.

The order of the General Term should be reversed, and the judgment of the Special Term affirmed.

All concur, except MILLER, J., absent at argument.

Order reversed and judgment affirmed.