PHEBE M. CLARKE et al., Respondents, *v.* MARIA E. GIBBONS et al., Appellants.

By the amendment of section 88 of the Code of Procedure in 1870 (§ 5, chap. 741, Laws of 1870), striking out married women from the list of persons against whom the statute of limitations does not run, a married woman, as to the time of commencing actions, was placed upon the same footing

as other persons, and thereafter she was bound to commence her action within the time specified after the cause of action accrued, although it had accrued prior to the amendment.

Accordingly, *held,* in an action of ejectment brought by a married woman, that an adverse possession of twenty years was a good defense.

(Argued November 15, 1880 ; decided December 1, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made May 13, 1879, affirming a judgment in favor of plaintiffs, entered upon a decision of the court on trial without a jury.

The nature of the action and the facts appear sufficiently in the opinion.

*B. F. Tracy* for appellants. If this action is to be regarded as one brought by Mrs. Clarke alone to recover her separate estate, it is barred by the statute. (Laws of 1860, chap. 90, § 7 ; Laws of 1862, chap. 192, § 3.) She was bound to bring her action within ten years after her disability ceased. ( *Wilson* v. *Betts,* 4 Denio, 201 ; *Jackson* v. *Johnson,* 5 Cow. 74.)

*Henry L. Clarke* for respondents. Mrs. Clarke's right to bring this action was not affected by the amendment of section 88 of the Code of Procedure striking out married women from the list of persons against whom the statute of limitations does not run. (*Murray* v. *Gibson,* 1 How. 421 ; *People* v. *Lord,* 12 Hun, 282 ; Potter's Dwarris on Statutes, 163, and notes ; *Dash* v. *Van Cleek,* 7 Johns. 477 ; 1 Kent's Com. 445 ; Assistant V. Chan. Court, 1845 ; *Williamson* v. *Field,* 2 Sandf. Ch. 533, followed and approved in Supreme Special Term ; *Calkins* v. *Calkins,* 3 Barb. 305 ; *Appelby* v. *Brown,* 24 N. Y. 143 [Smith, 10] ; 23 How. Pr. 207.)

EARL, J. This is an action of ejectment to recover a piece of land in the city of Brooklyn. It is alleged in the complaint that Mrs. Clarke is seized in fee of the land, subject to her husband's life estate as tenant by the curtesy. The answer denies the ownership of the land by the plaintiffs, and sets up

the defense of adverse possession. Upon the trial the plaintiffs showed that Mrs. Clarke derived her title to the land by descent from her father; but it was not shown when the descent was cast, whether before 1848 or after, and there was no proof showing that Mr. Clarke was a tenant by the curtesy or that he had any estate whatever in the land. The trial judge found that the plaintiffs were married previous to 1850, and that in June of that year, and prior thereto, Mrs. Clarke was seized of the land in fee simple, and that in that month the defendants entered into possession of the land, and have since been in the adverse possession thereof.

There was no exception by the defendants to the finding of the judge, that in June, 1850, and prior thereto, Mrs. Clarke was in the possession of the land, as owner in fee simple, and the point was not made upon the trial, in any way, that she could not recover because of her husband's life estate, as alleged in the complaint. The sole defense, apparently, relied upon by the defendants was that of adverse possession. The courts below decided that Mr. Clarke was a needless party plaintiff, and that the title to the land was in Mrs. Clarke, and that adverse possession did not run against her, because she was a married woman.

Under the Code, as it stood in 1850, adverse possession could not run against Mrs. Clarke, and she could have brought her action at any time within ten years after her disability was terminated (§ 88). But in 1870, by section 5 of chapter 741 of the Laws of that year, section 88, as well as section 101, was amended by striking out the words " or a married woman," thus entirely removing the disability of marriage, and thereafter a married woman, as to the time of commencing actions, was placed upon the precise footing of other persons. It matters not that this cause of action had then accrued, as by section 15 of the same chapter it was provided that all the sections of that act, save section 6, " shall apply to actions now pending, as well as to such as may be hereafter brought, and shall take effect immediately." After section 88 was thus amended, she was bound to commence her action within twenty years from

Statement of case.

the time it accrued; and we so held in *Acker* v. *Acker*,* decided in May, 1880.

It follows that the judgment should be reversed and new trial granted, costs to abide event.

All concur.

Judgment reversed.