MARGARET J. WATSON, Respondent, v. THE FORTY-SECOND STREET AND GRAND STREET FERRY RAILROAD COMPANY, Appellant.

Plaintiff was injured by reason of defendant's negligence in April, 1877. She commenced this action to recover damages in January, 1880. *Held*, that the statute of limitations was not a bar, as the case was governed by the three years limitation prescribed by the Code of Civil Procedure (§ 383, subd. 5); not by the one year rule previously existing (§ 7, chap. 431, Laws of 1876) ; that the case was not within the exception in the provision of said Code (§ 414), making the rule of limitations therein prescribed the only one thereafter applicable to civil actions, except where a person was entitled, when the Code took effect, to commence an action, and did so within two years thereafter.

*Acker* v. *Acker* (81 N. Y. 143), distinguished.

(Argued October 3, 1883 ; decided October 23, 1883.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, made at the November term, 1881, which affirmed a judgment in favor of plaintiff, entered upon a verdict.   (Reported below, 16 J. & S. 44.)

The nature of the action and the facts pertinent to the question discussed are stated in the opinion.

*Moses Ely* for appellant.   The court erred in holding that the right of action was not barred by the statute which governed before the Code of Civil Procedure took effect. (Code of Procedure, § 94; Laws of 1876, chap. 431, § 7; *McCluny* v. *Silliman*, 3 Peters, 270; Sedgwick on Stat. and Const. Law, 321; *Bell* v. *Morrison*, 1 Peters, 360.)   It is not enough that the language of the statute would bring this case within its operation if such were not the intent of the legislature.   (*People* v. *R. R. Co.*, 3 Kern. 81; *Griswold* v. *Ins. Co.*, 3 Cow. 96; Bac. Abr., tit. Statute, 1; 15 Johns. 380; *Collins* v. *Ralli*, 20 Hun, 246–256; *Acker* v. *Acker*, 81 N. Y. 143–149; *Dilger* v. *Palmer*, 27 Alb. L. J. 115.)

*A. G. Vanderpoel* for respondent.   Section 94, subdivision 2, of the Code of Procedure, being repealed by Repealing Act of June 5, 1877, for the purpose of this action is dead, and cannot for that reason maintain against the plaintiff. (*Butler* v. *Palmer*, 1 Hill, 332; Dwarris on Statutes, 676; *Guillotel* v. *Mayor, etc.*, N. Y. Ct. of App., January, 1882; 10 Abb. N. C. 319, 320, 321, 322.)

DANFORTH, J.   By reason of the defendant's negligence the plaintiff was injured on the 18th day of April, 1877, and on the 15th day of January, 1880, commenced this action for the recovery of damages then sustained.   At the trial the only defense relied upon was the statute of limitations, and that being overruled, the jury rendered a verdict in her favor.

The trial court committed no error.   At the time of the injury such cause of action could be prosecuted only within one year after it accrued (Laws of 1876, chap. 431, § 7), but by the Code of Civil Procedure (Chap. 4, title 2,

§ 383, subd. 5), the period of three years was substituted, and the former statute repealed. This act took effect September 1, 1877, and thereafter constituted the only rule of limitations applicable to civil actions (§ 414), except certain enumerated cases, and among others one in which a person was entitled, when the act took effect, to commence an action, and did so within two years thereafter.

The appellant relies on this exception. Its meaning is not clear, but it is obvious that it has no application to this case. No action was commenced by the plaintiff within two years after the act took effect, and for that reason if no other, the condition upon which the exception might attach never happened. The appellant also cites *Acker* v. *Acker* (81 N. Y. 143). The plaintiff there was under the control of a disabling statute, as a married woman, and its repeal so worked against her as to take away the extension of the time of limitation that theretofore had existed in her favor. Here the plaintiff does not ask to have her case saved from the application of the new period of limitation, but seeks its benefit. It has been properly held that she was entitled to it, and the judgment which follows that ruling should be affirmed.

All concur.

Judgment affirmed.