RODNEY C. WEBBER, APPELLANT, *v.* THE HERKIMER AND MOHAWK STREET RAILROAD COMPANY, RESPONDENT.

*Statute of limitation — when an action will be treated as one to recover damages for personal injury resulting from negligence — Code of Civil Procedure, sec. 383, sub. 5.*

This action was brought by the plaintiff to recover damages for an alleged breach of an agreement, whereby the defendant contracted to carry him safely from Herkimer to Mohawk. The plaintiff claimed that by reason of the unfitness of the car used and of the dangerous proximity of telegraph poles to the tracks he was struck and injured by one of the said poles while in the car:

*Held*, that the action was to "recover damages for a personal injury, resulting from negligence," and was governed by the three years' limitation prescribed by subdivision 5 of section 383 of the Code of Civil Procedure.

APPEAL from a judgment in favor of the defendant, entered upon an order dismissing the complaint, made at the circuit, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*J. A. Steele*, for the appellant.

*S. Earl*, for the respondent.

BOARDMAN, J.:

This action is brought to recover damages for an alleged breach of an agreement between the parties, whereby the defendant contracted to carry plaintiff safely from Herkimer to Mohawk. The gist of the action is the injury to the person of the plaintiff, by reason of the unfitness of the car used and the dangerous proximity of telegraph poles to defendant's track, whereby, or by reason whereof, plaintiff was struck and injured by a telegraph pole while on the car. The cause of action accrued June 23, 1879, and the action was commenced in March, 1883, more than three years thereafter. The defense interposed as a bar to the action was the three years' statute of limitations as prescribed by subdivision 5 of section 383 of Code. The defense was sustained and the plaintiff appeals.

" An action to recover damages for a personal injury, resulting from negligence," by the above section, must be brought within three years.    This is an action to recover such damages, and they were caused by negligence.    It seems to us to be within the letter and the meaning of the Code.    The duty of the carrier to a passenger under an express or implied contract is made the foundation or basis of such actions.    Without such contract the person complaining may have been a trespasser or wrongfully upon defendant's car.    Hence the contract is an important element in the right to recover, but only as inducement and not as substance.    The real ground of action is the tort or wrongful act of defendant, whereby the plaintiff is injured while rightfully there and in default of the duty owing by defendant to plaintiff and every passenger.

A breach of this contract to carry might have occurred, for which a limitation of the right of action is prescribed by section 382, such as a refusal to carry the whole distance or a refusal to carry within a reasonable time.    Those are not personal injuries and would not be controlled by section 383.    This must be deemed an action for negligence pure and simple.

The cases cited on either side do not expressly dispose of the question now presented for decision.    But we think the case of *Watson* v. *Forty-second Street and Grand Street Ferry Railroad Company* (48 N. Y. Supr. Ct. R., 44; affirmed in 93 N. Y., 522), applies whether the form of action was, as in this case, for a breach of the contract or simply for the negligence in the discharge of a duty owing to the plaintiff, whereby he suffered personal injuries. In either case the injuries were personal and wholly due to the negligence of the defendant.

Subdivision 3 of section 382 gives six years within which to bring an action for " a personal injury; except in a case where a different period is expressly prescribed in this chapter."    The very next section does prescribe such different period for that class of personal injuries resulting from negligence.    There is, therefore, no conflict and each section is complete in itself.

It is not necessary to discuss the nature or extent of the liabilities of common carriers toward their passengers.    It is enough to say that a liability arises out of their relations, of the carrier to the passenger, for any personal injury inflicted upon him through the

carelessness or negligence of the carrier. The cause of action is the negligence; the amount to be recovered depends upon the extent of the personal injury. If a passenger's baggage be lost or destroyed an action accrues under the contract with the company for loss of property, which may be brought under section 382, within six years. There the contract is the very foundation of the right to recover. The injury or loss is the direct result of the breach of the contract. Here the contract is the incident, and negligence, not the contract, gives the cause of action.

We think the judgment and order are correct and should be affirmed, with costs.

HARDIN, P. J., and FOLLETT, J., concurred.

Judgment and order affirmed, with costs.