HUGH N. CAMP, as TEMPORARY ADMINISTRATOR OF THE ESTATE OF OWEN GEOGHEGAN, DECEASED, APPELLANT, *v.* JEREMIAH A. HALLANAN, RESPONDENT.

*Statute of limitations — when a judgment of the New York Marine Court is deemed to be a judgment of a court of record, although the court was not a court of record at the time of its entry.*

On December 6, 1868, a judgment was recovered against the defendant in this action in the Marine Court of the city of New York. At that time that court was not, except in a limited sense and for certain purposes, a court of record, but it was, by chapter 629 of 1872, made a court of record to and for all intents and purposes.

*Held,* that the judgment was that of a court of record, which would not be presumed to have been paid until after the expiration of twenty years from the time of its recovery.

APPEAL from an order, made at a Special Term, denying a motion for a temporary injunction.

*N. J. Waterbury, Jr.,* for the appellant.

*Henry F. Lippold,* for the respondent.

BRADY, J.:

The object of this action was to prevent the enforcement of a judgment, existing unsatisfied against the defendant, upon the ground that it had lost all vitality under the statute of limitations. It was recovered in the Marine Court of this city, which, at the time (December 6, 1868), was not a court of record, except in a limited sense and for certain purposes; but in 1872, by chapter 629 of the Laws of that year, it was made a court of record, to and for all intents and purposes, and its jurisdiction enlarged.

It is conceded that when the judgment was perfected, under the Code then prevailing, the period limited for the commencement of an action upon it was twenty years (Code of Pro., § 90; *Conger* v. *Vandewater*, 1 Abb. [N. S.], 126; *Delavan* v. *Florence*, 9 Abb., 277, note); but it is supposed by the appellant that the Code of Civil Procedure, adopted in 1876, by section 382 supplanted section 90 of the old Code and shortened the period of twenty to six years.

The Marine Court, as we have seen, had at that time been declared to be a court of record to and for all intents and purposes, and section 382, subdivision 7, must therefore be considered with reference to any and all provisions in the Code bearing upon that subject. The provision of section 382, so far as it applies to this case, is that an action must be commenced within six years " upon a judgment or decree rendered in a court not a court of record." But this must be taken in conjunction with section 2 of the same Code as suggested and in which the Marine Court is enumerated as one of the courts of record of the State. And thus the period of limitation within which the judgments of that court lived, for the purposes of an action was continued and preserved by express terms, the same as before its passage.

There can be no doubt of the right of the legislature thus to declare the law. (*Acker* v. *Acker*, 81 N. Y., 143.) This question, it should be observed, is not effected in any way, therefore, by the omission in the statute of 1872 (*supra*) of language showing an intention to give it a retroactive effect, or of express words constituting the Marine Court a court of record as to judgments then existing, inasmuch as the Code of 1876 was passed when the court was not only a court of record but recognized as such therein, and the legislature had the right to change or continue the statute of

limitations, relating to it if necessary or expedient. Such a procedure affects the remedy but does not impair the obligation of contracts. (*Acker* v. *Acker, supra.*)

This question has been passed upon by the General Term of the Marine Court, and a similar conclusion expressed by McADAM, J., We are not advised of the views entertained by the learned justice presiding in the court below, but we assume that he arrived at the same result from the same mode of reasoning.

We think the order appealed from should be affirmed, with ten dollars costs and disbursements.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.