STEVENSON et al. v. KAISER et al.

(Superior Court of New York City, Equity Term. April, 1894.)

1. DEED—PROOF OF DELIVERY—RECORDING.
     The record of a deed is prima facie evidence of delivery to the grantee.
2. EVIDENCE—PROOF OF AGE.
     Evidence of a person to prove his own age is competent.

Action by Matilda Stevenson and others against George M. Kaiser and others to redeem a leasehold which was sold under execution issued on a judgment rendered against one Dunning. Judgment for plaintiffs.

D. M. Porter, for plaintiffs.
Brann & Henderson, for defendant Schluter.
James Demarest, for defendant Columbia College.
Rabe & Keller, for defendant Brook.

McADAM, J. The litigation concerns a Columbia College lease of property on Murray street, in this city, having a number of years to run, with privilege of renewal, one of which has been granted. The pleadings admit the plaintiffs' chain of title, and such admission is conclusive. Potter v. Smith, 70 N. Y. 299. It is admitted that Dunning transferred the lease to the plaintiffs, May 4, 1875, and the defendants claim that the plaintiffs transferred it to the defendants, George P. Brook and John P. Meyer, May 13, 1875. The plaintiffs deny that they executed any such instrument, and have proved that they were infants at the time, of the respective ages of 11 and 12; so that the transfer, if made, is voidable by them, and must be declared void on their application. It does not appear that any consideration was ever paid to them; therefore they have nothing to return as a condition of rescission. The record of the transfer to the plaintiffs is prima facie evidence of delivery to them. Cases cited in Gifford v. Corrigan, 105 N. Y. 224, 11 N. E. 498; Lawrence v. Farley, 24 Hun, 293; Gilbert v. Insurance Co., 23 Wend. 46; Van Valen v. Schemerhorn, 22 How. Pr. 418. The

evidence of the plaintiffs proving their own ages was competent. Banks v. Metcalfe, 1 Wheeler, Cr. Cas. 381; Cheever v. Congdon, 34 Mich. 296; Morrison v. Emsley, 53 Mich. 564, 19 N. W. 187; Whart. Ev. (3d Ed.) § 208; Railroad Co. v. Coggin, 73 Ga. 689; and see State v. McClain, 31 Pac. 790; Pen. Code, § 19, and cases cited in note thereto.

The execution was issued September 28, 1877, and the sale was thereafter made under it. The plaintiffs had 20 years within which to bring their action to redeem. Code, § 379; Shriver v. Shriver, 86 N. Y. 575; Howell v. Leavitt, 95 N. Y. 617; Clarke v. Gibbons, 83 N. Y. 107; Acker v. Acker, 81 N. Y. 143. Where the title of a party in possession of lands has become fixed and absolute by reason of the statute of limitations, it is not affected by a subsequent statute extending the time of the limitation. Shriver v. Shriver, supra. The rule, however, does not apply to the defendants, who, in the light of the evidence, do not stand in the position of a party in possession with title, but as strangers to the plaintiffs, the possessors of the title. Id. The plaintiffs are therefore entitled to redeem, and to that end an accounting must be had on equitable principles to be declared in the decree. Judgment accordingly.