(57 Misc. Rep. 448.)

### O'DONOHUE v. SMITH et al. (two cases).

### KELLY v. SAME.

(Supreme Court, Special Term, New York County. January, 1908.)

1. LIMITATION OF ACTIONS—SETTING ASIDE DEED—"PROCEEDINGS TO RECOVER REAL PROPERTY OR THE POSSESSION THEREOF."

Actions by grantors of real property, about 5 years after the youngest of them came of age, to have the deed set aside, are not "proceedings to recover real property or the possession thereof," within Code Civ. Proc. § 365, and fall within the 10-year limitation of section 388.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, §§ 73–75.]

2. QUIETING TITLE—ADVERSE CLAIMS—POSSESSION—COMPLAINT.

Code Civ. Proc. § 1638, governing actions to compel the determination of a claim to real property, requires as an element of the right to sue that plaintiffs "have been for one year in possession of real property." *Held*, that a complaint in such an action, not alleging such possession, is defective.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Quieting Title, § 74.]

109 N.Y.S.—59

Actions by John J. O'Donohue against Adele Smith and others, by Mary L. Kelly against the same defendants, and by Thomas J. O'Donohue against the same defendants, to set aside a deed. Complaints dismissed.

H. Aplington, for plaintiffs. .
Bookstaver & Norton, for defendant Heelman.
Algernon S. Norton, guardian ad litem.
Johnston & Johnston (Edward W. S. Johnston, of counsel), for defendant Van Norden Trust Company.

BLANCHARD, J.  These are three actions brought to set aside and declare void a certain deed executed by each of the plaintiffs at the same time and all relating to the same property and the same defendants. The defendants set up, among other matters, that the causes of action are barred by the statute of limitations and that the plaintiffs have failed to allege that they are in possession; and upon these grounds the defendants contend that no causes of action are stated by the complaints. The deed bears date May 20, 1895. The plaintiff John J. O'Donohue became of age April 9, 1896, the plaintiff Kelly became of age April 10, 1897, and the plaintiff Thomas J. O'Donohue became of age August 22, 1901. These actions were all commenced April 25, 1906.

The plaintiffs contend that the period of limitation governing these actions is 20 years, being the period fixed for "an action upon a sealed instrument." Code Civ. Proc. § 381. Since the plaintiffs do not rely upon the legal effect of the seal, but in fact are endeavoring to annul any effect which the seal or the instrument may have, it seems that this section is not applicable. Peters v. Delaplaine, 49 N. Y. 362. The present proceedings are obviously not actions "to recover real property, or the possession thereof," within the meaning of section 365, and consequently the plaintiffs are not saved by its provisions. These proceedings are equitable in nature, and, not falling within the classes of action particularly provided for in the Code of Civil Procedure, are subject to the provisions of section 388, and are limited to 10 years. Gilmore v. Ham, 142 N. Y. 1, 36 N. E. 826, 40 Am. St. Rep. 554. The present actions were not brought within this period; and, unless the disabilities of the plaintiffs extended the period of limitation sufficiently, the causes of action are barred. Section 396 provides that, if persons entitled to maintain actions like the present are, when the cause of action accrues, within the age of 21 years, "the time of such disability is not a part of the time limited in this title for commencing the action; except that the time so limited cannot be extended more than five years by any such disability except infancy, or, in any case, more than one year after the disability ceases." Section 375, which fixes the extension at 10 years in certain actions, and which in a proper form of action might have assisted the plaintiffs, is not available to the present plaintiffs, because by its terms it applies to actions "to recover real property, or the possession thereof, or make an entry," and, as has already been shown, these are not that class of actions.

It remains to be seen therefore, whether the present plaintiffs are saved by section 396. According to the settled construction of section 396 the plaintiffs in any event have the period fixed as the general limitation for this particular class of action, and also five years additional in case the disability so long continue, but in any event only one year additional after the disability ceases. Dunham v. Sage, 52 N. Y. 229; Acker v. Acker, 81 N. Y. 143; Hyland v. N. Y. C. & H. R. R. Co., 24 App. Div. 420, 48 N. Y. Supp. 416; Jagau v. Goetz, 11 Misc. Rep. 384, 32 N. Y. Supp. 144. A similar rule of construction has been applied to section 375. Applying this rule to the plaintiff John J. O'Donohue, it appears that his ten-year period expired May 20, 1905, which, being more than one year after his disability ceased, is not further extended. Similarly, in the cases of the plaintiff Kelly and the plaintiff Thomas J. O'Donohue, the date of the expiration of the ten-year period, namely, May 20, 1905, is more than one year after their disability ceased, and therefore their periods are not further extended. It follows, therefore, that the plaintiffs in these three actions are barred by the statute of limitations.

I have reached this conclusion with much reluctance and, I confess, inability to reconcile it with some of the language used in Howell v. Leavitt, 95 N. Y. 617. Section 1638, which refers to actions to compel the determination of a claim to real property, and, consequently, governs the present cases, requires as an element of the plaintiffs' right to sue in this form of action that they "have been for one year in possession of real property." The complaints herein are defective by reason of the absence of this allegation. It follows, accordingly, that the complaints herein must be dismissed on the ground that they fail to state a cause of action.

Ordered accordingly.