PETER J. BENTZ et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Claim No. 29969.)

Court of Claims, April 27, 1951.

*Julius Volker* for claimants.

*Nathaniel L. Goldstein, Attorney-General (Frank M. Noonan* of counsel), for defendant.

LAMBIASE, J. The State of New York has appropriated a permanent easement in lands particularly described in our accompanying decision. Private property having thus been appropriated for the public use, there is involved no question of liability for the State of New York must pay just compensation therefor and must pay for legal damages caused by such appropriation. We have determined and we have set forth in our decision the amount which the State of New York is to pay.

In our consideration of this claim there was presented to us a question which we resolved in arriving at our decision, but which we, nevertheless, deem necessary to discuss more fully herein even though it was not raised by either of the parties.

The map and description of the appropriated property were concededly filed in the office of the Clerk of the County of Erie on July 24, 1947. (S. M. 4.) Under the appropriation statute the appropriation was then complete. (L. 1936, ch. 862, § 7, as amd.) Claimants were served on September 16, 1947, with a copy of such description and map, with notice of the filing thereof in the office of the Department of State and in the office of the County Clerk.

Subdivision 1 of section 10 of the Court of Claims Act as of July 24, 1947, provided as follows: " A claim for the appropriation by the state of lands, or any right, title or interest in or to lands shall be filed within two years after the accrual of such claim." It was amended (L. 1948, ch. 688) effective March 31, 1948, to read as follows: " 1. A claim for the appropriation by the state of lands, or any right, title or interest in or to lands shall be filed within two years after the accrual of such claim, or where title is vested by the filing of a description and map in the office of the county clerk or register, then within two years after personal service of a copy of such description and map and notice of filing thereof or if personal service cannot be made within the state, then within two years after the filing of the description and map and the recording of notice of filing thereof."

The original claim herein was filed with the Clerk of the Court of Claims on September 15, 1949, and a copy thereof was served on the Attorney-General of the State of New York the same day. The filing of the claim, therefore, was within two years of the date of service upon the claimants of a copy of the map and description as hereinbefore mentioned, but not within two years of the filing of such map and description in the office of the Clerk of the County of Erie.

The question is whether claimants have timely filed. At the time of the effective date of said amendment, the claimants' time within which to file a claim under said section as it read at the time of the appropriation and prior to the aforesaid amendment had not as yet run out. Claimants' right by reason of the appropriation had accrued but had not been extinguished. The amendment became effective after the appropriation but before a remedy was invoked by claimants. We have concluded

that the amendment, being remedial, is applicable under the circumstances, and that, therefore, the claim was timely filed. (*Hopkins* v. *Lincoln Trust Co.*, 233 N. Y. 213; *Matter of Berkovitz* v. *Arbib & Houlberg*, 230 N. Y. 261, 270; *Watson* v. *Forty-Second St. & Grand St. Ferry R. R. Co.*, 93 N. Y. 522; *Matter of Dee* v. *State Tax Comm.*, 282 N. Y. 617, affg. 257 App. Div. 531; Annotation, 46 A. L. R. 1101; *Hession* v. *Sari Corp.*, 283 N. Y. 262.)