HENRY H. HONORE

*v.*

GEORGE WILSHIRE.

*Filed at Ottawa January 23, 1884.*

1. FORECLOSURE *by assignee—by scire facias—as to the acknowledging of the assignment.* It is not essential to the right of an assignee of a mortgagee to foreclose the mortgage by *scire facias*, under the provisions of section 17, chapter 95, of the Revised Statutes, that the assignment should be acknowledged.

2. STATUTE—*construction.* A remedial statute extending a remedy should receive a liberal construction, so that it may accomplish the purposes designed by the legislature. An enlarged remedy should not be restricted by mere construction, so as to impose conditions or restrictions not required in the statute itself.

3. PRACTICE—*time to make objection.* A merely technical objection not affecting the merits of the case, and which may be obviated by amendment, should be made in the trial court, and if not so made it will be considered as waived. It comes too late when made in the appellate court for the first time.

4. AMENDMENT—*changing party plaintiff.* If a *scire facias* to foreclose a mortgage is improperly brought in the name of an assignee, an amendment is permissible, substituting the name of the mortgagee as plaintiff, for the use of the assignee.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. W. T. BURGESS, for the plaintiff in error:

A *scire facias* to foreclose a mortgage is not an action, in the ordinary sense of that term, but a proceeding *in rem.* *Woodbury* v. *Manlove*, 14 Ill. 213; *Menard* v. *Marks*, 1 Scam. 25; *Hall et al.* v. *Byrne*, id. 140; *White* v. *Watkins*, 23 Ill. 482; *McFadden* v. *Fortier*, 20 id. 515.

The assignment of the notes does not authorize the assignee to foreclose, by *scire facias*, in his own name. *Camp* v. *Small*, 44 Ill. 37; *Winchell* v. *Edwards*, 57 id. 45; *Olds* v. *Cummings*, 31 id. 191; *Bourland* v. *Kipp*, 55 id. 376.

*Scire facias* being upon the record, the assignment to authorize the bringing of the suit in the name of the assignee must be duly executed and recorded. *Turpin* v. *Ogle*, 102 Ill. 148; *Pryor* v. *Wood*, 31 Pa. St. 142.

Messrs. J. P. & T. R. WILSON, for the defendant in error:

The objection that the assignee could not maintain the proceeding in his own name, was not raised by the assignment of error in the Appellate Court.

The objection that the suit should have been in the name of the mortgagee, instead of his assigns, can not be raised for the first time in the Appellate Court, as it might have

been obviated by amendment. *Smith* v. *Moore,* 3 Scam. 462; *Tugboat "Dorr"* v. *Waldron,* 62 Ill. 225.

In the judgment the court finds that George Wilshire was "the lawful assignee, holder and owner of the said notes and mortgage, as survivor, as in the writ set forth." The default admits every material averment in the *scire facias. Garrison* v. *People,* 21 Ill. 538; *Massachusetts Mutual Life Ins. Co.* v. *Kellogg,* 82 id. 618.

The word "assigns," in section 17, chapter 95, of the Revised Statutes, means the holders of the legal title to the notes secured by mortgage.

A conveyance of mortgaged premises by the mortgagee, without an assignment of the notes, is a nullity. *Carpenter* v. *Langdon,* 18 Wall. 274; *Jackson* v. *Blodgett,* 5 Cow. 205; *Merritt* v. *Barthalett,* 36 N. Y. 44.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

In July, 1877, George Wilshire commenced a proceeding in the Superior Court, by *scire facias,* to foreclose a mortgage made by Henry H. Honore to Samuel J. Walker, which mortgage was regularly acknowledged, as the statute provides, and was recorded in the proper office in the county where the land embraced in it is situated. It is alleged in the *scire facias,* Walker, the mortgagee, indorsed the notes secured by the mortgage, and then duly assigned such mortgage, by a written assignment thereon, under his hand and seal, and delivered the notes and mortgage, so indorsed and assigned, to William Wilshire and George Wilshire, by their firm name of Wilshire & Co., which "mortgage, with an assignment thereof, as aforesaid, from the said Walker to the said Wilshires, by their said firm name, was duly re-recorded in said recorder's office" of Cook county, where the mortgaged premises are situated, on the 19th day of November, 1872. It is also alleged, since the assignment of the mortgage to the firm

of Wilshire & Co., William Wilshire died, and plaintiff is now the sole survivor of such firm, and as such, is the "assigns" of Walker of the mortgage, and is entitled to the money secured thereby. The *scire facias* contains also the usual formal averments as to the maturity of the last installments secured by the mortgage, and that the sum remaining due is now payable to the assignee of such mortgage, by reason of the assignment of the same to him. Service of the writ was made on the mortgagor, Henry H. Honore, on the 6th day of July, 1877, by reading the same to him. At the August term of the Superior Court, after the service of the *scire facias* upon defendant, there being no appearance by him, or any one on his behalf, a default was entered against him, and afterwards the court found the amount due plaintiff on the mortgage indebtedness, and adjudged that plaintiff recover the sum so found to be due, and ordered a special writ of *fieri facias* to issue for the sale of the lands described in the mortgage. The judgment of the Superior Court was affirmed in the Appellate Court, on a writ of error prosecuted in the name of defendant, and now the case is brought to this court on error.

The only ground insisted upon in this court for the reversal of the judgment of the Appellate Court affirming the judgment of the Superior Court, is, the assignment of the mortgage by Walker, the mortgagee, to Wilshire & Co., not having been duly acknowledged and recorded, an action in the name of George Wilshire, survivor, as the "assigns" of the mortgagee, to foreclose it by *scire facias*, can not be maintained. The position taken is not tenable. *Scire facias* to foreclose a mortgage is a statutory proceeding on a record, and is a proceeding *in rem*. Section 17, chapter 95, of the Revised Statutes of 1874, in relation to mortgages, provides, if default be made in the payment of money secured by mortgage on lands and tenements, duly executed and recorded, on the same becoming due it "shall be lawful for the mortgagee,

his assigns, or his or their executors or administrators," to foreclose the same by *scire facias*. It will be perceived the statute requires the mortgage, that may be foreclosed by *scire facias*, shall be "duly executed and recorded." The statute has made provision the mortgage may be acknowledged by the mortgagor, before some officer authorized by law to take acknowledgments of such instruments. No such formality is required by statute as to the assignment of a mortgage, to enable the assignee to sue out the *scire facias* in his own name to foreclose it. It is nowhere provided such an assignment shall be acknowledged as deeds or mortgages are required to be acknowledged. Originally, the remedy by *scire facias*, as given by statute, was confined to the "mortgagee, his executors or administrators," but the legislature has seen fit to extend the remedy to "assigns" of the mortgagee, and certainly the court ought not to restrict the remedy by requiring the assignment to be made in a particular way, when the legislature has not so required it to be done. It is apprehended any assignment of the mortgage by the mortgagee, whether acknowledged or not, is valid, and will vest his "assigns" with the remedy given by statute.

After the assignment was written upon the mortgage in this case, and signed by the mortgagee, it was re-recorded, together with the assignment. Counsel seem to insist it was not a *record* because the assignment was not acknowledged, as deeds are required to be by law. How it would be any more a *record* with an acknowledgment than without it, is not understood. It is certain the assignment of the mortgage was made a matter of record, and that would seem to be sufficient, as the statute has nowhere required it should be acknowledged. It is to be remembered this is a remedial statute, and must be construed liberally, so that it may accomplish the purposes intended by the legislature. Remedies are always within legislative discretion. As has been seen, the remedy by *scire facias*, to foreclose a mortgage, is

now given by statute to the "mortgagee, his assigns, his or their executors or administrators." It might have been given to the holder of the mortgage indebtedness. The legislature having deemed it proper to give the remedy to the "assigns" of the mortgagee, as well as to the mortgagee himself, the enlarged remedy ought not to be restricted, by construction, to assignments made in a particular way, not required by the statute conferring the remedy. Any assignment by which the mortgagee parts with his interest in the mortgage itself, and the indebtedness secured thereby, whether acknowledged or not, must be held to be sufficient to enable "his assigns" to foreclose it in his own name, by *scire facias*, in precisely the same manner the mortgagee might do.

But there is another reason why this judgment should be affirmed. At most, the objection insisted upon is a merely technical one, and does not affect the merits of the case. It ought not to be taken for the first time either in this court or the Appellate Court. (*Tugboat "Dorr"* v. *Waldron*, 62 Ill. 221.) Had it been insisted in the trial court the suit should have been in the name of the mortgagee instead of "his assigns," under the Practice act an amendment could have been permitted, substituting the name of the mortgagee as plaintiff, for the use of "his assigns," and the case would have proceeded to judgment without delay. Such an amendment is allowable. *Teutonia Life Ins. Co.* v. *Mueller*, 77 Ill. 22; *Camp* v. *Small*, 44 id. 37.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*