[No. 2482. Decided March 19, 1897.]

CITY OF SEATTLE, *Respondent*, v. CATHERINE O'CON-
NELL, *Appellant*.

REMEDIES — EFFECT OF REPEAL OF STATUTE — COMMENCEMENT OF
ACTION — SERVICE OF SUMMONS — ENFORCEMENT OF STREET ASSESS-
MENTS — LIMITATION OF ACTIONS.

The repeal of the law governing the commencement of civil actions and the service of summons therein and substituting therefor a new method of procedure will not affect the jurisdiction of the court over an action commenced under the prior law, but in which service of summons had not at that time been made, when the defendant voluntarily appears and answers in the action subsequent to the taking effect of the new law, which directly provides that a voluntary appearance is equivalent to personal service of summons.

The bar of the statute upon the commencement of an action to enforce the collection of an assessment for a street improvement begins to run, not from the day the assessment is made due and payable and operative as a lien upon the property, but from the date of delinquency as provided in the ordinance providing for the levy and collection of the assessment.

Appeal from Superior Court, King County.—Hon. J. W. LANGLEY, Judge. Affirmed.

*Dore & Cross*, and *Bausman, Kelleher & Emory*, for
    appellant:

The passage of the act of 1893 and the repeal of the
prior act thereby, both being in their nature remedial,
not only took away the right to proceed further under
the prior law, but rendered the filing of the complaint
thereunder null and inoperative; inasmuch as no ju-
risdiction had been, or could be, acquired over the
persons of the defendants by compliance with its pro-
visions, and an entirely different and inconsistent
remedy and method of commencing civil actions is
provided by the repealing act, which gives to the
plaintiff as full, adequate and complete a remedy as
the act repealed. *United States v. Boisdore*, 8 How.
121; *McNulty v. Batty*, 10 How. 76; *Insurance Co. v.
Ritchie*, 5 Wall. 544; *Lamb v. Schottler*, 54 Cal. 319;
*Curtis v. Leavitt*, 15 N. Y. 152; *Berry v. Clary*, 77 Me.
482; *Railroad Co. v. Grant*, 98 U. S. 398; *Wooding v.
Puget Sound National Bank*, 11 Wash. 527; Endlich,
Interpretation of Statutes, §§ 478-480.

The statute of limitations commences to run from
the date when the tax becomes payable and not from
the date of delinquency. *Condon v. Maynard*, 18 Atl.
957.

*John W. Pratt*, and *C. A. Riddle* (*John K. Brown*, of
    counsel), for respondent:

The action was commenced January 25, 1893, by
the filing of the complaint in the office of the clerk of
the superior court of King county. No summons was
issued in the action until December 16, 1893, by
which time the legislature had changed the procedure
and taken away from the county clerk the duty of
issuing summons and imposed it upon attorneys for
plaintiffs in an action. There was nothing in the act

to show any intention to apply it to actions already then pending, but it had the following saving clause : "All acts and parts of acts inconsistent with this act are hereby repealed." There was nothing inconsistent in the purpose or letter of this act with the issue by attorneys of summons where the action had already been commenced by the filing of a complaint. The manifest purpose of the act was to change the procedure as to the future, not to throw hundreds of litigants out of court who were already in and had acquired a right of action under the prior law. Cooley, Constitutional Limitations, p. 444; *Dash v. VanKleeck*, 7 Johns. 503 (5 Am. Dec. 291). The law of 1893 did not repeal a law giving a remedy, but only that part of the old law which was inconsistent with the new one. *Treat v. Strickland*, 23 Me. 234; Sutherland, Statutory Construction, pp. 226, 452, 513; *Gibson v. Jenney*, 15 Mass. 205; *Danforth v. Smith*, 23 Vt. 247; *Knoup v. Piqua Branch Bank*, 1 Ohio St. 603; Pomeroy, Equity Jurisprudence, pp. 44, 199; Potters' Dwarris, Statutes, p. 117.

The opinion of the court was delivered by

DUNBAR, J.—This suit was brought by the city of Seattle against the appellant to foreclose an assessment lien. Action was commenced by filing a complaint on the 25th day of January, 1893; no summons was then issued. On December 16, 1893, attorneys for respondent had served upon appellant a summons which they personally issued. The complaint of the respondent set forth, among other things, that between the 18th day of April, 1890, and the 20th day of January, 1891, by virtue of ordinance No. 1339 passed by said city of Seattle, it did improve, grade and construct a sidewalk described; that by virtue of

the provisions of the said ordinance appellant's property was assessed for said improvements in the sum of $156. To this cause of action the appellant pleaded the statute of limitations by way of affirmative defense in the following words:

"That said improvements mentioned in said complaint were completed and accepted by said city of Seattle prior to the 16th day of December, 1890; that by virtue and in pursuance of the provisions of the said ordinances mentioned in the complaint, the above lot was duly assessed prior to the 16th day of December, 1890; the amount charged on its proportion of said improvements was found to be and was prior to said December 16th, assessed in the sum of one hundred and fifty-six ($156) dollars, and prior to said December 16, 1890, by ordinance dated and enacted by said city of Seattle prior to said date said assessment was made and levied on said lot in the sum of one hundred and fifty-six dollars ($156) as appears by the assessment roll duly approved and filed in the office of the city treasurer of said city; and that said assessment was completed prior to said December 16, 1890."

The answer also alleged in substance that said assessment became payable on December 16, 1890, and became delinquent on January 25, 1891. The notice, under publication of which the tax levied became payable, was as follows:

"TERRACE STREET TAX NOTICE.

"The tax levied by the city council in the district created by ordinance No. 1339 to provide for the grading of Terrace street from Yesler avenue to Broadway street and constructing sidewalks thereon is now due and payable at the office of the city treasurer. All taxes not paid within forty days of the first publication of this notice will be declared delinquent, a penalty of five per cent added, and interest at the rate of ten per cent. charged.    H. W. MILLER, City Clerk.

"First publication of this notice December 16, 1890."

Thus it was claimed by the answer that the action was not commenced within the period of two years after the cause of action set forth in the complaint had accrued, and that the cause of action was thereby barred by the statute of limitations. To this answer respondent interposed a demurrer, which was sustained by the trial court, and appellant, electing to stand upon her answer, has appealed to this court.

It is conceded that the action was properly commenced by filing the complaint on January 25, 1893. It is also conceded that no summons was issued until December 16, 1893, when summons was issued by the plaintiff's attorney in the manner and form prescribed by the law now in force. On March 15, 1893, however, an act of the legislature was approved by the governor, entitled, "An act to provide for the manner of commencing civil actions in the superior courts and bringing the same to trial." Laws 1893, p. 407. This law provides that

"Civil actions in the several superior courts of this state shall be commenced by the service of a summons, as hereinafter provided."

This act took effect June 7, 1893, more than four months after the filing of the complaint herein, and it is the contention of the appellant that the passage of the act of 1893 and the repeal of the prior act thereby, both being in their nature remedial, not only took away the right to proceed further under the prior law, but rendered the filing of the complaint thereunder null and inoperative, inasmuch as no jurisdiction had been or could be acquired over the persons of the defendants by compliance with its provisions. There is some conflict of authority in relation to this question, some courts holding that the repeal of the

statute prescribing the particular mode of trial will not operate to annul proceedings had under the statute in cases pending at the time of the repeal; while other courts have construed the statutes more strictly, holding that the subsequent act, if it was remedial in its nature, took away the right to proceed further under the prior law, and, in some cases it was held, rendered the filing of the complaint inoperative, especially where no jurisdiction had been or could be acquired over the persons of the defendants by compliance with the provisions of the new statute. After discussing this proposition somewhat at length, Mr. Endlich, in his work on the Interpretation of Statutes, § 482, says:

" The doctrine, indeed, of the destruction of imperfect rights and actions depending on statutes, by their repeal, must not be carried beyond its proper scope. It has been said that an act repealing, or in anywise modifying, the remedy of a party by action or suit, should not be construed to affect actions or suits brought before the repeal or modification. [Citing *Newsom v. Greenwood,* 4 Ore. 119]. Whilst this statement is probably too broad, it is nevertheless true, that, where the effect of the new legislation is not to take away the jurisdiction or right previously existing, nor to deny a remedy for its enforcement substantially like the one previously allowed, but merely to change the remedy, the right and the jurisdiction continue under the form directed by the new act, where it applies, or else under the old law."

It seems to us that a liberal and sensible construction of this statute will lead to the conclusion that it was not the intention of the legislature to interfere with or destroy actions which had already been commenced, to the extent, at least, of depriving the court of the jurisdiction of the subject matter of the action.

In this case, then, the court having jurisdiction of the subject matter, the jurisdiction of the person of the appellant was obtained by her appearance in the case, and while it is true that the defense of the statute of limitations was properly pleaded by answer, yet the question of service should have been determined, prior to the filing of the answer and the raising of the issue of the statute of limitations, by a motion challenging the jurisdiction of the court over the person of the appellant.

Section 15 of the Laws of 1893, p. 412, provides that:

"From the time of the service of the summons in a civil action, the court is deemed to have acquired jurisdiction, and to have control of all the subsequent proceedings. A voluntary appearance of a defendant is equivalent to a personal service of the summons upon him."

And § 16 provides that:

"A defendant appears in an action when he answers, demurs, makes any application for an order therein, or gives the plaintiff written notice of his appearance."

The court, then, having jurisdiction, by the filing of the complaint, of the subject matter of the action, and having jurisdiction of the parties by their voluntary appearance in the case, it would seem that the first contention of appellant is untenable.

A more troublesome question, to our mind, is the second contention, namely, that the statute of limitations had expired prior to the commencement of the action. If the statute commenced to run from the date that the lien attached as shown by the ordinance, then the plaintiff is barred, for the action was not commenced until two years and forty days after such publication, but it is conceded that if the statute did

not commence to run until the time the assessment
became delinquent, the action was brought in time.
Then the pertinent question is: Did the ordinance
extend the statutes of limitations beyond the two years
provided by the statute? As a general rule the time
during which a plaintiff is legally incapacitated from
commencing an action is added to the time expressed
by the statute, or, in other words, the statute does not
run during such time. It is true that these provisions
are ordinarily specific provisions of the statute, but
the rule is based on reason and fair dealing, and if
any other rule obtained, statutes of limitations would
become statutes in aid of the prevention of justice,
and we are inclined to give the same construction to
this ordinance. It is evident that under this ordi-
nance suit could not have been instituted for the col-
lection of this assessment, and the fact that the lien
attached upon the land at the time of the issuance of
the notice is no proof or indication that the right of
action to foreclose the lien had accrued to the city,
because liens, under the law, attach in many instances
before the right of action accrues to foreclose. It was
urged by the learned counsel for the appellant, in his
oral argument, that it was not within the power of the
city to extend the statute of limitations, for the reason
that a lien was a cloud upon the title, and that a
defendant had a right to have the cloud removed
within the statutory period of limitations. As a mat-
ter of justice the cloud could only be removed by the
payment of the assessment, if the assessment was
legally made, and, if the assessment was not legally
made, the defendant would not be without remedy to
have the assessment annulled and the cloud removed,
and under no circumstances does the fact that a debt
may be paid at a certain time imply that a right of

action has accrued to sue on that debt. The instance that is given by the respondent is in point, namely, that a promissory note may be made payable on or before forty days, and that, while it is payable at any time after its execution, yet it does not mature so that the right of action against it accrues until after the period of forty days has expired. There seems to be very little authority cited on this particular point, although there is some that is directly in point. The following rule is laid down by Wood on Limitations, section 164:

" Where an assessment or tax is laid, and by ordinance or statute a certain time is fixed within which it may be paid, the person against whom it is laid has the whole of such period within which to pay it, and the statute does not begin to run thereon until such time has expired."

And in *Reynolds v. Green*, 27 Ohio St. 416, this identical question was decided. There, by ordinance of the city council, the assessment for an improvement was made November 20, 1861, and it was provided in the ordinance that the owners of the lots on which the assessments were made should pay the amounts severally due within twenty days from the date of the ordinance, or be subject to the interest and penalty allowed thereon by law, and it was held that defendants could not be regarded as in default until the expiration of twenty days thereafter, and that the right of action therefor to enforce the assessment did not accrue until December 10, 1861, which was twenty days after the notice.

We think the contention of the appellant that she can be in any way injured by the adoption of this rule is more fanciful than real; that the right of action did not accrue until the forty days expressed

by the ordinance had expired ; and that the statute of
limitations did not commence to run until that time.
The demurrer was properly sustained.

The judgment will be affirmed.

SCOTT, C. J., and ANDERS and REAVIS, JJ., concur.
GORDON, J., dissents.