[No. 2553.    Decided July 9, 1897.]

FRANK M. BOWMAN, *Respondent*, v. THE CITY OF COL-FAX, *Appellant*.

MUNICIPAL CORPORATIONS — ASSESSMENT FOR STREET IMPROVEMENTS — ENFORCEMENT — LIMITATION OF ACTIONS.

The bar of the statute of limitations upon an action to enforce collection of a street assessment does not apply until the city has made a valid assessment, or re-assessment, which can be enforced.

Although the statute of limitations should be regarded as commencing to run from the time a cause of action could have been perfected by the exercise of reasonable diligence, yet the time that a city was in good faith proceeding with an invalid assessment scheme should be excluded, and the bar only deemed to commence running from the expiration of that time.

Under the act of 1895 (Laws 1895, p. 270), extending the statute of limitations in actions for the enforcement of assessments for street improvements to ten years, and making it applicable to existing causes of action, which had accrued while a two-year limitation was in force, the right of the city to proceed with the assessments, and of warrant holders to compel the enforcement of the assessment scheme, would be extended for ten years longer in all cases in which the bar of the former statute had not been completed at the time of taking effect of the later.

Appeal from Superior Court, Whitman County.—Hon. William McDonald, Judge. Reversed.

*E. M. Warner*, for appellant.
*Trimble & Pattison*, for respondent.

The opinion of the court was delivered by

Scott, C. J.—Plaintiff brought this action to recover the amount due on certain warrants originally issued to one Clark for the improvement of a street in the defendant city. On August 12, 1891, said city passed an ordinance providing for a general scheme of street improvements by assessing the cost thereof upon the property specially benefited, with a further provision that the city council might expend moneys from the general fund for a portion of the amount corresponding with the benefit it should deem the improvement to be to the city at large, and also for street crossings. In pursuance of this ordinance a resolution was adopted for the improvement of the street for which these warrants were issued. On November 25, 1891, a contract was entered into between the city and said Clark therefor, which only in terms provided for payment for the work from the fund to be created by an assessment upon the property fronting on the street where it was improved. The work was performed under the contract, and on July 30, 1892, it was accepted by the city council; and on that date the council assessed the property within the particular

district for the cost of the improvement. These facts are taken from the complaint, which also contained an allegation that the assessment scheme had failed, and that the time for enforcing the assessments had expired under the statute of limitations. An answer was filed thereto upon the part of the city alleging that the assessment in question was found to be incapable of enforcement by virtue of certain supreme court decisions on the questions involved, and that on May 11, 1896, the city had made a new assessment on the property benefited, which it was enforcing at the time this action was commenced. A demurrer was interposed to this answer, and sustained by the court, and, the defendant declining to plead further, judgment was rendered for the plaintiff, whereupon this appeal was taken.

One question presented regarding the right of the plaintiff to recover on the ground of an unreasonable delay on the part of the city council in enforcing the assessment, has been disposed of contrary to the plaintiff's contentions herein, by the decision rendered in the *German-American Savings Bank. v. Spokane, ante,* p. 315. It remains first to be considered whether the right to enforce the assessment scheme had become lost by lapse of time. If so, a further question as to the liability of the city by reason of it must be decided.

In *Spokane v. Stephens,* 12 Wash. 667 (42 Pac. 123), we held that actions for the foreclosure of such liens must be commenced within two years after the cause of action accrued, and a re-examination of the question does not lead us to doubt the soundness of that holding. This was the statute in force at the time these improvements were undertaken, but it does not appear from the answer at what time the causes of action on the first attempted assessment accrued, if they could have been held to have ac-

crued thereunder at all. The proceeding being invalid, the city could not well be said to have had a cause of action on that assessment, nor until it had made a valid assessment which could be enforced. *State, ex rel. Hemen, v. Ballard,* 16 Wash. 418 (47 Pac. 970). See, also, *Seattle v. O'Connell,* 16 Wash. 625 (48 Pac. 412).

It has been held by some courts that the statute would be regarded as commencing to run from the time a cause of action could have been perfected by the exercise of reasonable diligence, and such rule seems to be a just and sound one. 13 Am. & Eng. Enc. Law, p. 726, and cases there cited. But if that rule is adopted, the time that the city was in good faith proceeding with the invalid assessment scheme should be excluded. The statute should not be deemed to have commenced running until the expiration of that time, and the re-assessment might be made within two years from then. There is nothing in the answer to show that the statute had run, under that theory, for it does not appear at what time it was found that the original assessment scheme was defective and would have to be abandoned. Only that on May 11, 1896, the city commenced the new assessment aforesaid, which it was prosecuting when this action was begun. The statute of limitations is not such a meritorious defense that either the law or the facts should be strained in aid of it; and there is also another view urged upon our attention by counsel for appellant, which seems to be well taken, and that is with reference to the act of 1893 (Laws 1893, p. 226), providing for a re-assessment. A cause of action under this statute could not be deemed to have accrued immediately when the act took effect, for it is self-evident that some time would have been required to perfect a re-assessment thereunder, and by allowing the shortest possible time therefor, two years would not have expired

before the law of 1895 (Laws 1895, p. 270), was passed extending the statute of limitations in such cases to ten years. That act applied to existing causes of action and would plainly include the matter here in controversy. Therefore, if there had been no attempt to re-assess, the law of 1895 became operative before a bar could arise under the act of 1893, and the right would be continued in force. Consequently at no time could the bar of the statute of limitations have been successfully invoked by the property owners. It was certainly within the power of the legislature to extend the time within which such causes of action might be commenced, and to make it operative as to demands growing out of existing improvements under the prior laws. In all cases where the bar was not complete the legislature might extend the right indefinitely, as it would only be a question of governmental policy for the legislature to determine, and, having extended it in this instance, the city would still have the right to proceed with the assessments, and the warrant-holders to compel the enforcement of the assessment scheme. Therefore, the demurrer to the answer could not be sustained on the ground that the statute had run, and that the city was liable where the assessment remedy was lost. That question is not in this case. It is more likely that it was in fact sustained upon the other ground, viz.: that the city had not shown reasonable diligence in the premises and had thereby rendered itself liable generally for the claims, as that is the question most strongly urged. But that question, as stated, has been disposed of in the case referred to.

Reversed.

Anders, Gordon and Reavis, JJ., concur.

Dunbar, J., dissents.