[Nos. 3002, 3003, 3005-3008.  Decided November 23, 1898.]

BELLINGHAM BAY IMPROVEMENT COMPANY, *Appellant,*
v. CITY OF NEW WHATCOM, *Respondent.*

APPEAL—BURDEN OF PROOF—SUFFICIENCY OF EVIDENCE.

Error of the trial court in imposing the burden of proof on
defendant, though unappealed from by defendant, cannot be
taken advantage of by plaintiff's contending on appeal that,
under the ruling of the trial court, sufficient proof had not been
made by defendant.

Appeal from Superior Court, Whatcom County.—Hon.
JESSE P. HOUSER, Judge.  Affirmed.

*Newman & Howard,* for appellant.

*T. E. Cade,* for respondent.

PER CURIAM.—These cases fall squarely within the rule
announced in *Bellingham Bay Improvement Co. v. New
Whatcom, ante,* p. 53, decided October 10, 1898, and,
being satisfied with the rule announced in that case, they
are all affirmed.

ON PETITIONS FOR REHEARING, DECEMBER 30, 1898.

PER CURIAM.—A per curiam opinion was filed in these
causes on the 23d of November last, in which it was stated
that they fell within the rule announced in *Bellingham
Bay Improvement Co. v. New Whatcom,* No. 2894, de-
cided October 10, 1898.  Petitions for rehearing have been
filed, wherein it is claimed by the appellant that the court
erred in the conclusion that the questions involved were
decided in the cause above referred to; and an examina-
tion of the briefs and the records in these cases convinces
us that the court was mistaken in its announcement, and
that some of the questions involved in these cases were not
raised or passed upon by this court in the said cause
No. 2894.

In causes 3002, 3005 and 3006 the question of the statute of limitations is raised, but, while this question was not passed upon in cause No. 2894, it has been clearly passed upon against the contention of appellant in *Bowman v. Colfax,* 17 Wash. 344 (49 Pac. 551), and, being satisfied with the conclusion reached in that case, the petitions in these cases will be denied.

In causes 3003 and 3007, in addition to the question which was raised in the causes just mentioned and in the prior cause No. 2894, it is contended that the ·motion to dismiss should have been granted, because it appeared that the territory which was re-assessed did not correspond exactly with the territory embraced in the original assessment. While this identical question was not raised in *Frederick v. Seattle,* 13 Wash. 428 (43 Pac. 364), the principles there announced were in opposition to appellant's contention, and the case was clearly decided against it in *Cline v. Seattle,* 13 Wash. 444 (43 Pac. 367). The distinction attempted to be made by the appellant between assessments that had been pronounced void and other assessments which were possessed of latent defects, makes no difference in the application of the rule so frequently announced by this court, and especially in the cases just above cited.

In case 3008 an examination of the record convinces us, without entering into any detailed statement, that all of the findings of fact which were made by the court were justified; and, so far as the question of burden of proof is concerned, we think, under § 9, Session Laws 1893, p. 230 (Bal. Code, § 1147), the court erred in deciding that the burden was upon the respondent; and, while it is true that no appeal was taken by the respondent from this ruling, it, notwithstanding, destroys the appellant's contention that sufficient proof was not made by the respondent of the legality of the proceedings. In addition to this, we

are entirely satisfied that, had the burden been upon the respondent, the proof was sufficient to establish a *prima facie* case.

The petitions will all be denied.