[No. 3916.]

## HARRINGTON v. ANDERSON ET AL.

1. STATUTE OF LIMITATIONS—*Extending Limitation.* The statute of limitations affects the remedy only, and the statutory period may be extended, even as to causes of action already existing. And such statute will be construed to apply to existing causes of action, not yet barred, without express words.

2. STATUTES—*Construed.* The limitation act of 1901 (Rev. Stat., Sec. 3609) held to apply to judgments recovered in 1895.

   Whether the act of April 18, A. D. 1891 (Laws 1891, 246), or the act of 1901, above cited, applies to judgments of justices of the peace, not decided.

3. APPEALS—*Rehearing—Petitioner Not to Change Ground.* One applying for a rehearing will not be heard to change from the ground assumed both in the court below, and upon the argument in this court.

*Error to Larimer District Court.* HON. NEIL GRAHAM, Judge.

Mr. M. H. AYLESWORTH and Mr. JOHN R. SMITH, for plaintiff in error.

Mr. L. D. THOMASON, for defendants in error.

CUNNINGHAM, Judge.

On March 24, 1911, Harrington, the plaintiff in error, filed his action in the district court to restrain the defendants in error from collecting certain judgments which the latter had obtained against him, basing his action for relief as against said judgments upon the statute of limitations approved April 18, 1891, which statute was set up by plaintiff in his complaint. The defendants each filed general demurrers to the plaintiff's complaint. The trial court, upon hearing duly had, sustained the demurrers of the defendants. Plaintiff electing to stand upon his complaint and declining to plead further, judgment of dismissal was entered against him.

It is only necessary for us to determine on this appeal whether the statute of limitations of 1891 pertaining to judgments, or the amendment of that statute in 1901, governs the rights of the parties in this law suit. It is conceded by counsel for both parties that the earlier statute, although it contained an irreconcilable conflict, fixed the life of an unrevived judgment at ten years, while the later act, passed in 1901, being section 3609, R. S., fixes the life of such judgment at twenty years. The judgments which Harrington, the plaintiff in error, seeks to restrain the collection of were rendered in 1895. At that time the ten-year limitations act was in full force and effect, and had it not been repealed or amended, the bar of the statute as to the judgments against Harrington would have attached in 1905, ten years later. In 1911, sixteen years after the rendition of the judgments, the defendants in error caused executions to be issued thereon. Succinctly stated, the contention of the parties to this appeal is: On the part of Harrington, that the statute of 1901 applies to and can affect no judgment which had been rendered prior to its enactment. In other words, that the later statute, not having in express terms provided that it should apply retrospectively and affect all judgments theretofore as well as thereafter rendered, that it could only apply prospectively, hence could not affect the judgments against him here under consideration; the defendants in error insist that since statutes of limitations are remedial in their character, and deal with procedure only, *prima facie* they apply to all judgments —those which have been rendered, as well as to future judgements; that a judgment debtor has no vested right in the running of the statute of limitations until it has completely run and barred action. Hence it is their contention that the new act, i. e., the act of 1901, having passed less than ten years after the rendition of the judgments against plaintiff in error, and before the bar

of the statute of limitations had attached to said judgments, that the new act became at once applicable to these judgments, and that executions might issue on the same.

Plaintiff in error has called our attention to *Jones v. Stockgrowers' National Bank,* 17 Colo. App., 79, and we have given that case careful consideration. It must be conceded that there is language in the opinion in the Jones case which supports the contention made in the instant case by the plaintiff in error, but it will be observed by a reading of the Jones case that the court there had before it for construction a new statute which *shortened* the limitation period, whereas we are here considering the effect of a new act, or amendment, which is said to *extend* the limitation period. Or, stated otherwise, the later legislative act before the court in the Jones case, if given a retrospective application, would have retarded or interfered with the remedy, whereas the amended legislative act, which it becomes our duty to construe, extends or promotes the remedy. It may well be that a proper conclusion was reached in the Jones case, but it is not necessary for us to, and we do not, decide whether this is true or not. We are persuaded that the overwhelming weight of authority in this country supports the contention made by the defendants in error in this case, and that the act of 1901, having been adopted less than ten years after the rendition of the judgments against plaintiff in error and before the statute of limitations had attached to said judgments, is applicable to them. There is no occasion for us to discuss this question at length: The interest of the profession will be better promoted by the citation of the following authorities supporting the conclusion at which we have arrived: 26 Am. & Eng. Enc. Law, 676; Southerland on Statutory Construction, sec. 482; *Denver, etc., R. R. Co. v. Woodward,* 4 Colo., 105; *Fisher v. Harvey,* 6 Colo., 17; *O'Con-*

*ner v. State,* 71 S. W., 409; *Honore v. Wilshire,* 109 Ill., 103; *Billings v. Hall,* 7 Calif., 3; *Watson v. R. R. Co.,* 93 N. Y., 522; *Clark v. Clark,* 10 N. H., 380; *Sohn v. Waterson,* 17 Wall., 596; *Warner v. Bartell,* 56 N. Y. S., 585; *Fish v. Genett,* 56 S. W., 813; *Gillette v. Hibbard,* 3 Mont., 412; *Buckmaster v. McElroy,* 20 Neb., 557, 31 N. W., 76; *City of Montpelier v. Senter,* 72 Vt., 112, 47 Atl., 392; *Haskel v. City of Burlington,* 30 Ia., 232; *Keagy v. Wellington Bank,* 12 Ok., 33, 69 Pac., 811; *Nickles v. Haskins,* 15 Ala., 619, 50 Am. Dec., 154; *Bowman v. City of Colfax,* 17 Wash., 344, 49 Pac., 551.

We quite agree with the following statement made by the supreme court of Washington in *Bowman v. City of Colfax, supra:*

"The statutes of limitation is not such a meritorious defense that either the law or the facts should be constrained in aid of it."

Also with the views expressed by the supreme court of California in *Billings v. Hall, supra:*

"The statutes of limitation are designed to affect the remedy and not the right or contract; that they do not enter into the contract as a part of the law thereof; and that it would be inconsistent with sound morality and wise legislation to suppose that it was ever intended that when a party gave his obligation to pay a particular debt, he was presumed to have within his mind a particular period of time, beyond which, if he protracted his obligation, his liability would cease."

In *Denver, etc., R. R. Co. v. Woodward, supra,* our supreme court quotes with approval from *Clark v. Clark, supra,* the following:

"The statutes of limitation may be changed by an extension of the time, or of an entire repeal, and affect

existing causes of action, which, by the existing law, would soon be barred.''

The judgment of the district court is affirmed.

Decided January 13, A. D. 1913. Rehearing denied March 10, A. D. 1913.

---

### On Petition for Rehearing.

CUNNINGHAM, Presiding Judge.

Plaintiff in error in his petition on rehearing raises, for the first time, the question that the judgments which form the basis of this action were taken before a justice of the peace, and for that reason, he insists, were not governed by the statutes of limitation construed and applied in the original opinion. Whether this contention is sound or not we shall not now stop to inquire, for the reason that the case was tried below and argued in the briefs here upon the theory that these statutes did apply, and that their construction was the only matter before this court. Plaintiff in error, as plaintiff below, after pleading the statutes of 1891, in paragraph four of his complaint, alleged:

''That under and by virtue of the provisions of said law referring to the act of 1891 any final judgment rendered in any court in the state of Colorado was satisfied in full at the expiration of ten years from the entry of said judgments, unless revived according to law.''

In his brief plaintiff in error, after succinctly summarizing the issues, says:

''The contention of the plaintiff in error is that the ten-year clause of the statute of 1891, Session Laws of 1891, page 246, operates as a satisfaction of the above judgment.''

The defendants in error, in their brief, thus state the issues:

"Plaintiff in error contends that a period of sixteen years having elapsed since said judgments were obtained, the same were satisfied in full by the laws of 1901, while defendants in error assert that execution may issue on said judgments at any time within twenty years from the date of their rendition, by virtue of the laws of 1901."

To this statement of the issues by defendants in error, plaintiff in error made no objection, indeed, could make no objection, since it is practically a reiteration of his own summing up of the issues as stated in the brief, which, as we have pointed out, was in entire accord with the averments of his complaint.

We therefore deny the petition for rehearing for the reasons just stated, without determining whether the two statutes considered in the original opinion do or do not apply to judgments of a justice of the peace court.

*Rehearing Denied.*