[No. 11784-3-II.   Division Two.   August 3, 1988.]

LEROY HART, ET AL, *Appellants*, v. CLARK COUNTY, *Respondent.*

114

**Nature of Action:** Several real estate developers sought refunds of fees paid into a park development fund.

**Superior Court:** The Superior Court for Clark County, No. 85-2-01850-1, Thomas L. Lodge, J., on November 14, 1986, entered a summary judgment denying most of the refunds on statute of limitation grounds.

**Court of Appeals:** Holding that the refunds were subject to the 3-year limitation period, the court *affirms* the judgment.

*Edward L. Dunkerly* and *Ihringer & Dunkerly,* for appellants.

*Arthur D. Curtis, Prosecuting Attorney,* and *Richard S. Lowry, Deputy,* for respondent.

PETRICH, J.—Leroy Hart and others (Hart), appeal a summary judgment of the Clark County Superior Court which denied their claim for a refund of money paid pursuant to an invalid county ordinance. We affirm the decision of the Superior Court.

In 1975, the Clark County Council passed an ordinance codified as chapter 17.62 of the Clark County Code. The ordinance required developers of urban residential subdivisions and short subdivisions either to dedicate property for park purposes, or, in lieu of dedication, to pay a fee to a park development fund. Following the Washington Supreme Court's decision in *Hillis Homes, Inc. v. Snohomish Cy.,* 97 Wn.2d 804, 650 P.2d 193 (1982), Clark County ceased imposing and collecting the park development fund fees. In *Hillis Homes,* the court held that Snohomish and San Juan County ordinances which required developers to pay fees for the support of parks, schools, and other purposes as a condition of development approval constituted a

tax which was unlawful in the absence of state enabling legislation.

Hart subsequently filed this suit, seeking a refund of money paid pursuant to the invalid ordinance. On November 14, 1986, the trial court entered partial summary judgment holding the 3–year statute of limitations under RCW 4.16.080 was applicable to and barred the bulk of appellants' refund claims.

Hart argues that the trial court erred in applying the 3–year statute of limitations period found in RCW 4.16.080, which limits the time for commencement of actions upon contracts not in writing. Hart contends that this action involves a written contract and, therefore, the limitation period should have been 6 years under RCW 4.16.040. We disagree.

RCW 4.16.080(3) limits actions to 3 years for:

> An action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument . . .

The Washington Supreme Court has applied RCW 4.16-.080(3) to refund actions for invalid taxes. In *Corwin Inv. Co. v. White,* 166 Wash. 195, 6 P.2d 607 (1932), the court stated that "[a]n action against a county to recover void taxes is one which arises upon an implied contract, not in writing, and the three–year statute of limitations applies." *Corwin,* 166 Wash. at 197. *See also Pacific Coal & Lumber Co. v. Pierce Cy.,* 133 Wash. 278, 233 P. 953 (1925). The underlying principle for the application of the 3–year statute of limitations is that suits seeking tax refunds "are actions arising out of implied liabilities to repay money unlawfully received . . ." *Adams Cy. v. Ritzville State Bank,* 154 Wash. 140, 144, 281 P. 332 (1929).

In the present case, the trial court properly applied the 3–year statute of limitations. The Supreme Court in *Hillis Homes* ruled that the fees imposed upon residential developments constitute taxes for which there had been no express grant of authority by the State Legislature. Therefore, these fees are "without authority and invalid." *Hillis*

*Homes,* 97 Wn.2d at 808. Clark County, in response to the *Hillis Homes* decision, repealed its ordinance requiring the park fee. Clark County had an implied liability to repay the fees previously received under the invalid ordinance. Therefore, the appropriate statute of limitations would be 3 years under RCW 4.16.080(3). *Corwin Inv. Co. v. White, supra.*

▀ Further justification for imposing the 3–year statute of limitations lies in the fact that Hart's claim was premised on a theory of unjust enrichment. The 3–year statute of limitations applicable to actions on unwritten contracts applies to an action for unjust enrichment. *Eckert v. Skagit Corp.,* 20 Wn. App. 849, 850, 583 P.2d 1239 (1978).

Hart contends that the court should have applied RCW 4.16.040, which establishes a 6–year limitation for "[a]n action upon a contract in writing, or liability express or implied arising out of a written agreement." Under the Clark County Code, section 17.62.100, the developer could elect to defer payments of the fee by allowing the County to have a lien upon the individual platted lots. In compliance with this form of payment, the developer was required to sign a contract by which he obligated himself to pay fees in the manner required by the ordinance. Hart submits that since he and many other developers signed the deferral agreements his action arises out of a written contract and therefore falls under the purview of the 6–year statute of limitations found in RCW 4.16.040. This argument is without merit.

▀ The deferral agreement signed by Hart merely establishes the terms of payment of the invalid fees. The County's obligation to return the improper tax is based, not on the terms in the deferral agreements, but on the impropriety of the County's retention of illegally collected tax money. Since the underlying cause of action is premised on the obligation to return illegally collected funds and not on the terms of the deferral agreement his action does not arise out of a written contract.

The remaining issues on appeal are at what point the statute of limitations begins to run, and what periods, if any, should be excluded in calculating the time within which the claim must be asserted and finally whether the County is entitled to assert the limitation of action defense.

Hart contends that the trial court erred in holding that the statute of limitations began to run at the time the payment was made. Hart argues that the statute should have begun to run at the time of the *Hillis Homes* decision in 1982. We are not persuaded by this argument.

■ The statute of limitations begins to run when a party has the right to apply to the court for relief. *U.S. Oil & Ref. Co. v. Department of Ecology*, 96 Wn.2d 85, 91, 633 P.2d 1329 (1981). In the present case, the right to relief accrued when original payments began, not when *Hillis Homes* was decided.

In support of his argument, Hart submits that the discovery rule applies in this case. Under the discovery rule the statute of limitations does not begin to run until the plaintiff, using reasonable diligence, should have discovered the cause of action. *Peters v. Simmons*, 87 Wn.2d 400, 404, 552 P.2d 1053 (1976). However, the discovery rule is not applicable here since the claimants always had the means of determining that a wrong had been committed. *U.S. Oil*, 96 Wn.2d at 93.

Hart also argues that the running of the statute of limitations was suspended during the time the County was improperly collecting the fees, citing the case of *Bowman v. Colfax*, 17 Wash. 344, 49 P. 551 (1897).

Hart takes solace in the *Bowman* court's statement to the effect that the time which the city, in good faith, enforces an invalid assessment should be excluded in computing the outer limits of the limitation period. *Bowman*, 17 Wash. at 347. From this he argues that the period of time Clark County in good faith collected the park development fund fees should be excluded from the time period within which suits for refunds must be brought. Hart's reliance on *Bowman* is misplaced.

In *Bowman,* the holder of street improvement warrants issued by the City of Colfax sought damages against the City in the amount of the warrants. He claimed that the City's negligence in allowing the lapse of the statute of limitations to bar collection of the assessments deprived the special assessment fund, against which the warrants were drawn, of adequate funds to honor the warrants. In that case, the original assessment scheme was declared invalid by a court decision. The City reassessed the property for the completed street improvements based on a newly enacted statute which authorized a reassessment, notwithstanding the invalidity of the original assessment scheme. The court rejected the argument that the City was time-barred from collecting the assessment because its cause of action on the assessment could only accrue on a valid assessment scheme and not on the earlier invalid one.

The comments alluded to above were made by the court while discussing a rule embraced in other jurisdictions, which, even if adopted by the *Bowman* court, could not be applied because of the factual circumstances of that case. The clear holding of the court is that the limitation period begins on the accrual of a cause of action, and that a cause of action does not accrue on an invalid assessment scheme, but only on a valid one.

In the present case, the developers' cause of action accrued when they made a payment to the County. This payment gave them the right to bring an action against Clark County based on the theories of an implied contract or unjust enrichment. The period in which the County in good faith was collecting the illegal fees did not affect the accrual of Hart's causes of action, and we have not been shown any reason why the County's enforcement of its ordinance should suspend the period of limitation. Consequently, we conclude that the period during which the County was enforcing the invalid ordinance should not be excluded from the statute of limitations.

Hart finally argues that the County is estopped to assert the statute of limitations as a defense. Hart's theory is that

the County represented that the development fee was a valid ordinance. The developers, in good faith, paid the fees based on the presumed validity of the ordinance. Hart submits that as a result of the County's representation that the ordinance was valid, the developers were induced not to bring a suit within the period of the applicable statute of limitations. Based on this conduct, Hart asserts that the County should be estopped from relying upon the statute of limitations.

Estoppel is available to prevent a defendant from raising a statute of limitations defense where the defendant has "*fraudulently* or *inequitably* invited a plaintiff to delay commencing suit until the applicable statute of limitation has expired." *Del Guzzi Constr. Co. v. Global Northwest Ltd.*, 105 Wn.2d 878, 885, 719 P.2d 120 (1986). However, there is no evidence of fraudulent behavior by the County that would have given rise to an estoppel claim. The County acted in good faith in enforcing the ordinance and had no reason to believe it was an invalid tax. Therefore, estoppel does not bar the County's assertion of the statute of limitations as a defense.

The County argues that RCW 58.17.180, which provides a 30–day limitation period for commencing an action challenging a preliminary plat decision, applies in this case. The County submits that since this invalid fee was connected with a plat approval, the 30–day statute of limitations should apply. However, the County's claim is not properly before us since it did not file a cross appeal pursuant to RAP 2.4(a) and 10.3(b). Therefore, we decline to review this argument.

Judgment affirmed.

REED, C.J., and ALEXANDER, J., concur.