# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| NEW CINGULAR WIRELESS PCS LLC, a Delaware limited liability company, | ) ) ) ) | NO. 70810-4-I |
| | ) | DIVISION ONE |
| Respondent, | ) ) | |
| | ) | UNPUBLISHED OPINION |
| v. | ) ) | |
| THE CITY OF BOTHELL, WASHINGTON, | ) ) ) | |
| | ) | FILED: August 25, 2014 |
| Petitioner, | ) ) | |
| CITIES 1 through 100+, | ) ) | |
| Defendants. | ) ) | |
| | ) | |

LEACH, J. — On discretionary review, we must decide if the trial court applied equitable tolling properly to New Cingular Wireless PCS LLC's claim for a tax refund from the city of Bothell (City).[1] The trial court concluded that New Cingular's filing of an administrative tax refund claim with the City tolled the statute of limitations for separate claims asserted in a lawsuit New Cingular filed

---

[1] New Cingular initially sued more than 100 cities in this action. On March 14, 2013, the trial court granted various defendants' motion for misjoinder and dismissed without prejudice all defendant cities except Bothell. Including each name in the caption of this opinion would take several pages. In the interest of publishing economy, we order the abbreviation of the caption to that set forth above for purposes of this opinion and any postopinion pleadings filed in an appellate court only.

later in superior court. Because New Cingular failed to exhaust its administrative remedies before filing its superior court action, we reverse and remand.

FACTS

New Cingular provides telecommunications services and sells wireless data plans. The data plans allow customers to access the Internet on personal electronic devices. New Cingular paid to the City utility taxes on revenues from its provision of these Internet services. New Cingular billed for and collected from its customers these tax payments.

In 2010, New Cingular's customers in Washington sued AT&T in federal court, alleging that AT&T unlawfully charged them for utility taxes on Internet services.[2] The United States Judicial Panel on Multidistrict Litigation consolidated this action with 27 other lawsuits from around the country.[3] AT&T settled these lawsuits, agreeing to seek refunds on the Internet taxes that it paid to the various taxing jurisdictions, including the City, and to return any refunded taxes to the class members.[4]

---

[2] Vickery v. AT&T Mobility LLC, No. 2:10-CV-0257 (W.D. Wash. 2010). New Cingular is an affiliate of AT&T.
[3] In re AT&T Mobility Wireless Data Servs. Sales Tax Litig., 789 F. Supp. 2d 935, 939 (N.D. Ill. 2011).
[4] AT&T, 789 F. Supp. 2d at 940-41.

In November 2010, New Cingular filed with the City a refund request for $416,802.28 in alleged overpayment of utility taxes for the period November 1, 2005, through September 30, 2010. On January 13, 2012, New Cingular, by letter, asked the City about the status of its tax refund claim. On April 16, 2012, the City sent a letter to New Cingular denying its refund claim.

On June 15, 2012, New Cingular wrote a letter to the City stating, "[I]n the months since that process was undertaken, the company has identified certain tax amounts that should not be included in the amount sought in the Refund Claim." Accordingly, New Cingular proposed reductions in the requested refund amounts.

Earlier, on April 25, 2012, New Cingular sued the City in King County Superior Court seeking "a declaration that Defendants have an obligation to refund the erroneously collected tax on Internet access." It also sought recovery of its tax payments on theories of unjust enrichment and violation of the due process clauses of the Fourteenth Amendment to the United States Constitution and the Washington State Constitution.[5] On July 5, 2013, the City moved for partial summary judgment, seeking a decision that "the doctrine of equitable tolling does not apply to this action" and that the statute of limitations barred New Cingular's claims for recovery of taxes paid before April 25, 2009, three years

---

[5] New Cingular amended its complaint on August 21, 2012.

before New Cingular filed this lawsuit. In response, New Cingular argued, "[T]he refund application should toll the statute of limitations because Bothell acted in bad faith by failing to timely process the refund claim, despite its code provisions which require 'prompt' review, while New Cingular diligently pursued its claim."

The trial court denied the City's motion and, without any motion requesting this relief, granted partial summary judgment in favor of New Cingular. The court's order states, "The doctrine of equitable tolling applies under the circumstances of this case, commencing upon the filing of the tax refund claim with the City of Bothell in November 2010. Denial of the refund claim was not necessary for accrual of the cause of action for unjust enrichment." The court also stated, "The court acknowledges that its decision is an extension of the current Washington case law on equitable tolling."

On August 22, 2013, the trial court certified under RAP 2.3(b)(4) "that the order denying summary judgment entered on August 2, 2013 involves a controlling question of law as to which there is substantial ground for a difference of opinion and that immediate review of the order may materially advance the ultimate termination of the litigation."

The City sought discretionary review, which this court granted.

STANDARD OF REVIEW

We review de novo a trial court's summary judgment decision.[6] In this review, we construe all facts and reasonable inferences from those facts in the light most favorable to the losing party.[7] The prevailing party bears the burden of showing that no material issue of fact exists.[8] A fact is material if the outcome of the litigation depends upon it.[9]

ANALYSIS

Washington courts apply a three-year statute of limitations to tax refund claims.[10] "The limitation period commences when a cause of action accrues and tolls when a complaint is filed or a summons is served."[11] An action for a tax refund accrues when the plaintiff pays the challenged taxes.[12]

The doctrine of equitable tolling "permits a court to allow an action to proceed when justice requires it, even though a statutory time period has

---

[6] Young v. Savidge, 155 Wn. App. 806, 814, 230 P.3d 222 (2010) (citing Aba Sheikh v. Choe, 156 Wn.2d 441, 447, 128 P.3d 574 (2006)).

[7] Savidge, 155 Wn. App. at 814 (citing Hertog v. City of Seattle, 138 Wn.2d 265, 275, 979 P.2d 400 (1999)).

[8] Savidge, 155 Wn. App. at 814 (citing Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989)).

[9] Savidge, 155 Wn. App. at 814 (citing Balise v. Underwood, 62 Wn.2d 195, 199, 381 P.2d 966 (1963)).

[10] RCW 4.16.080(3); Cost Mgmt. Servs., Inc. v. City of Lakewood, 178 Wn.2d 635, 651, 310 P.3d 804 (2013); Hart v. Clark County, 52 Wn. App. 113, 116, 758 P.2d 515 (1988).

[11] U.S. Oil & Refining Co. v. Dep't of Ecology, 96 Wn.2d 85, 91, 633 P.2d 1329 (1981).

[12] Hart, 52 Wn. App. at 117.

elapsed."[13] Justice generally requires equitable tolling in cases involving a defendant's bad faith, deception, or false assurances and the plaintiff's exercise of diligence.[14] The party asserting equitable tolling bears the burden of proof.[15]

Courts apply equitable tolling sparingly.[16] "In Washington equitable tolling is appropriate when consistent with both the purpose of the statute providing the cause of action and the purpose of the statute of limitations."[17]

Bothell Municipal Code (BMC) 5.08.110 states,

> If, upon application by a taxpayer for a refund or for an audit of his records, or upon an examination of the returns or records of any taxpayer, it is determined by the treasurer that within the two years immediately preceding the receipt by the city of the application by the taxpayer for a refund or for an audit, or, in the absence of such an application, within the two years immediately preceding the commencement by the city treasurer of such examination, a tax has been paid in excess of that properly due, the excess amount paid within such period of two years shall be credited to the taxpayer's account or shall be refunded to the taxpayer, at his option. No refund or credit shall be allowed with respect to any payments made to the city more than two years before the date of such application or examination.

BMC 5.08.210 states,

---

[13] In re Pers. Restraint of Bonds, 165 Wn.2d 135, 141, 196 P.3d 672 (2008) (citing In re Pers. Restraint of Carlstad, 150 Wn.2d 583, 593, 80 P.3d 587 (2003)).

[14] Millay v. Cam, 135 Wn.2d 193, 206, 955 P.2d 791 (1998).

[15] City of Bellevue v. Benyaminov, 144 Wn. App. 755, 767, 183 P.3d 1127 (2008).

[16] Graham Neigh. Ass'n v. F.G. Assoc., 162 Wn. App. 98, 119, 252 P.3d 898 (2011) (citing Nikum v. City of Bainbridge Island, 153 Wn. App. 366, 378, 223 P.3d 1172 (2009)).

[17] Millay, 135 Wn.2d at 206.

> Any person having paid any tax, original assessment, additional assessment, or corrected assessment of any tax may apply to the treasurer within the time limitation for refund provided in this chapter by petition in writing for a correction of the amount paid and a conference for examination and review of the tax liability, in which petition he shall set forth the reasons why the conference should be granted, and the amount in which the tax, interest, or penalty should be refunded. The treasurer shall promptly consider the petition, and may grant or deny it. If denied, the petitioner shall be notified by mail thereof forthwith. If a conference is granted, the treasurer shall notify the petitioner by mail of the time and place fixed therefor. After the hearing, the treasurer may make such determination as may appear to him just and lawful, and shall mail a copy of his determination to the petitioner.

BMC 5.08.240(A) states,

> The city treasurer or his duly authorized agent may examine any books, papers, records, or other data bearing upon the amount of any tax payable or upon the correctness of any return, or for the purpose of making a return where none has been made, or in order to ascertain whether a return should be made. The city manager may require the attendance of any person at a time and place fixed in a notice served by any person in the same manner as a subpoena is served in a civil case.

The treasurer's decision is final unless the petitioner timely appeals to the city council.[18] If the city council orders a public hearing on this appeal, it votes to affirm, modify, or reverse the treasurer's decision.[19] The city council's decision is final unless the petitioner files an action in superior court "for a trial de novo on the matter at issue."[20]

---

[18] BMC 5.08.220.
[19] BMC 5.08.220.
[20] BMC 5.08.230.

New Cingular claims that equitable tolling applies. It alleges that the City acted in bad faith with its "delay in processing the claim" and "by its failure to describe how the detailed claim that New Cingular submitted was supposedly insufficient, its failure to ask for more information, and its lack of contact with New Cingular in any way prior to Bothell's summary, generic denial." New Cingular also alleges that the City provided false assurances:

> Bothell's Municipal Code provided false assurances in two ways: first, by providing that Bothell would "promptly" process the claim, BMC 5.08.210, and, second, by representing any overpayment in taxes "shall be refunded" to the taxpayer. BMC 5.08.110. New Cingular relied on both representations when it pursued its administrative claim. Waiting 17 months to respond is not prompt, and Bothell has flouted its obligation to repay the funds it wrongfully possesses.

New Cingular asserts that it "diligently pursued its claim by seeking redress through the administrative process and then filing suit promptly after Bothell sent its summary denial."

New Cingular claims that our Supreme Court's decision in Qwest Corp. v. City of Bellevue[21] supports its argument: "Because the trial court shared original jurisdiction with Bothell over the tax refund claim, the trial court did not operate in an appellate capacity, and administrative exhaustion requirements did not apply." We disagree and distinguish Qwest.

---

[21] 161 Wn.2d 353, 166 P.3d 667 (2007).

In Qwest, a telephone service provider challenged Bellevue's imposition of a utility occupation tax.[22]  Qwest filed a superior court action before Bellevue assessed its tax against Qwest.[23]  After Bellevue issued its tax assessment, Qwest challenged it under the Bellevue Municipal Code with the city's hearing examiner.[24]  Bellevue appealed the trial court's denial of its motion to dismiss the lawsuit on the grounds that Qwest had failed to exhaust its administrative remedies.  Our Supreme Court affirmed the trial court, concluding that a party is not required to exhaust administrative remedies where the superior court has original jurisdiction and the party seeks to invoke the court's original, rather than appellate, jurisdiction.[25]  The court also noted that "questions of statutory interpretation need not be referred to administrative agencies."[26]  And it explained that the case involved "issues of broad public import which require prompt and ultimate determination."[27]

Here, New Cingular first filed a refund application with the City and then abandoned the administrative process before filing a separate superior court action.  This case does not involve an issue of statutory interpretation.  New

---

[22] Qwest, 161 Wn.2d at 356.
[23] Qwest, 161 Wn.2d at 357.
[24] Qwest, 161 Wn.2d at 357.
[25] Qwest, 161 Wn.2d at 371.
[26] Qwest, 161 Wn.2d at 371.
[27] Qwest, 161 Wn.2d at 371.

Cingular does not challenge the City's authority to impose a tax but argues that it "inadvertently" paid the taxes at issue. Qwest is not applicable here.

New Cingular fails to show that justice requires equitable tolling. In Cost Management Services, Inc. v. City of Lakewood,[28] decided after the trial court in this case denied the City's motion for summary judgment, our Supreme Court held, "A superior court's original jurisdiction over a claim does not relieve it of its responsibility to consider whether exhaustion should apply to the particular claim before the court." In Cost Management Services, a natural gas purchasing agent sought a refund from Lakewood of taxes allegedly paid in error.[29] Cost Management Services stopped paying the taxes and requested a refund.[30] After Lakewood failed to respond to its request, Cost Management Services filed a lawsuit in superior court.[31] The superior court concluded that the three-year statute of limitations limited Cost Management Services' recovery to payments made within three years of the date when it filed its lawsuit.[32] Cost Management Services then filed a separate superior court action seeking a writ of mandamus compelling Lakewood to respond to its original refund request filed with the

---

[28] 178 Wn.2d 635, 648, 310 P.3d 804 (2013).
[29] Cost Mgmt. Servs., 178 Wn.2d at 639.
[30] Cost Mgmt. Servs., 178 Wn.2d at 639.
[31] Cost Mgmt. Servs., 178 Wn.2d at 639.
[32] Cost Mgmt. Servs., 178 Wn.2d at 640.

City.[33] The court consolidated these actions, granted the writ, and entered a judgment in favor of Cost Management Services.[34]

Our Supreme Court began its review by explaining, "This court has long applied 'the general rule that when an adequate administrative remedy is provided, it must be exhausted before the courts will intervene.'"[35] The court recognized, "The primary question in exhaustion cases . . . is whether the relief sought can be obtained through an available administrative remedy; if so, the party seeking relief must first seek relief through the administrative process."[36] The court held, "[E]ven if original jurisdiction in a case lies with the superior court, exhaustion of administrative remedies is still required."[37]

In Cost Management Services, the court also declined to base the running of the statute of limitations for Cost Management Services' superior court claims upon the time that it filed its administrative action.[38] The court stated, "CMS seeks mandamus for the express purpose of reaching back beyond the legal

---

[33] Cost Mgmt. Servs., 178 Wn.2d at 640.

[34] Cost Mgmt. Servs., 178 Wn.2d at 640.

[35] Cost Mgmt. Servs., 178 Wn.2d at 641 (quoting Wright v. Woodard, 83 Wn.2d 378, 381, 518 P.2d 718 (1974)).

[36] Cost Mgmt. Servs., 178 Wn.2d at 642.

[37] Cost Mgmt. Servs., 178 Wn.2d at 646. The Supreme Court, however, held that Cost Management Services was not required to exhaust administrative remedies "because none were available." 178 Wn.2d at 652. Cost Management Services filed a claim with the city for a refund, but the city did not respond. The court concluded that "the administrative process available to CMS could not have provided an adequate remedy." 178 Wn.2d at 645.

[38] Cost Mgmt. Servs., 178 Wn.2d at 651.

statute of limitations."[39] It determined, "In essence, CMS seeks to use the administrative process to revive a claim otherwise barred by the three year statute of limitations."[40] Accordingly, the court concluded, "We do not think the statute of limitations can be overcome by such a use of the administrative process."[41]

Similarly, here, New Cingular cannot use the administrative process, which it chose to abandon, to avoid the statute of limitations bar in its superior court action. New Cingular does not show an inability to obtain the requested relief through the administrative process. New Cingular provides a single explanation for abandoning the City's administrative process—a claim that the process was "hostile" and "demonstratively slow and futile." But the City's denial of New Cingular's application at the first stage of the administrative process did not mean that New Cingular could not have obtained the relief sought by completing this process, which included the opportunity for a trial de novo.[42] Because New Cingular failed to exhaust administrative remedies, the trial court should not have applied equitable tolling to allow it to "revive a claim otherwise barred by the three year statute of limitations."

---

[39] Cost Mgmt. Servs., 178 Wn.2d at 652.
[40] Cost Mgmt. Servs., 178 Wn.2d at 651.
[41] Cost Mgmt. Servs., 178 Wn.2d at 652.
[42] BMC 5.08.230.

CONCLUSION

Because New Cingular failed to exhaust its administrative remedies before filing its superior court action, equitable tolling does not apply to the claims it asserted in superior court. The statute of limitations bars recovery of all payments made more than three years before the filing of this lawsuit. We reverse and remand for proceedings consistent with this opinion.

Leach, J.

WE CONCUR:

Cox, J.